JUDGE PBYOB
delivered the opinion or the court.
In the year 1854 Jonathan E. Potts died intestate, in the county of Union, the owner in fee-simple and in the possession of a tract of four hundred and nine acres of land. He left surviving him his widow, Irene Potts, and five children, the most of whom were infants. His daughter, Maria Potts, intermarried with Willis E. Carr, who died in 1856. She had by Carr two children, the present appellants. In 1859 Mrs. Carr&emdash;formerly Maria Potts, the mother of the appellants&emdash; married the appellee Givens, and had by him one child, that died in infancy. In August, 1861, Mrs. Givens died, and shortly afterward, and in the same year, Irene Potts, the *681 mother, also died. Givens, the appellee, prior to the death of his wife qualified as guardian of her two children (the appellants) by Carr, and these children by their prochein ami instituted this action in equity against him as guardian, discharging a settlement of his accounts made and reported to the County Court of Union, and also alleging their right to the immediate possession of their mother’s interest in the land that descended to her from her father, Jonathan E. Potts. The appellee Givens insists that he is tenant by the curtesy, and entitled to the use and possession of the land as against the appellants during his life. Mrs. Givens, the mother of these appellants, had removed from the premises upon her marriage with her first husband, Carr, prior to the death of her father; and at no period during Carr’s life-time, or while she was the wife of Givens, did she or either of her husbands live upon the land or exercise any acts of ownership over it. After the death of Jonathan Potts, the father, his widow and infant children remained in the possession of the whole tract of land until the widow’s death. The use and possession of the land were retained by the widow, by the consent and acquiescence of the adult children, for her benefit and that of the infants; no allotment of dower ever having been made to her, and no division of the land between the heirs or children of Potts, her husband, until after her death. The marriage of Mrs. Givens with the appellee and the birth of a living child are facts not questioned in the record, and the only ground relied on to recover the possession by the children is that there was no such seizin of the land at any time by either Mrs. Givens or her husband (the appellee) as made the latter tenant by the curtesy.
This court has always adhered to the doctrine of the common law on this subject, and required an actual entry upon the land by the husband during the marriage, or seizin in fact by the wife or some one for her use or that of her husband, in *682 order to create this tenancy. In the case of Neely v. Butler (10 B. Monroe), where the wife owned in fee-simple wild and uncultivated land, and no entry was ever made upon it by the husband, and no actual possession by the wife, this court adjudged that the husband had no curtesy. This doctrine, although strictly in accordance with the common-law rule, has been modified by the judicial determinations of some of the sister states, and the rule established that pedis possessio is not necessary by the husband or wife where the wife has a conveyance that passes to her the legal title. If seizin in fact is dispensed with where the legal title is complete or perfect, one of the principal requisites necessary to constitute this tenancy is destroyed. Marriage, with issue born alive, whether before or after seizin, and seizin of a freehold of inheritance and death of the wife, created this tenancy at common law. This seizin of the wife, says Blackstone, “must be an actual seizin or possession of the land; not a bare right to possess, which is a seizin in law, but an actual possession, which is a seizin in deed.” (2 Blackstone, 127.) Littleton says, “If a man dieth seized of lands in fee-simple, and these lands descend to his daughter, and she taketh a husband and hath issue and dieth before any entry, the husband shall not be tenant by the curtesy, and yet in this case she had a seizin in law.” (1 Coke on Littleton, 646.)
'Without a careful analysis of the authorities with reference to this tenancy, the legal conclusion from the facts appearing in this record might result, as is maintained by counsel for the appellants, in denying to appellee the right to curtesy. In the case cited by Coke it clearly appears that there was no seizin by the wife and no entry upon the land by the husband, nor is there any fact from which it can be inferred that possession was held for their use by another.
The children of the intestate, some of whom remained on the land after his death, having derived it by descent, held as *683 coparceners, having the unities of interest, title, and possession, unless the holding by the mother destroyed that tenancy. Although some of the children were in the actual occupancy of the land, no action could have been maintained for an injury to this realty by one coparcener without joining the others as plaintiffs. “In actions for injuries to real property joint tenants and parceners must join, or the non-joinder may be pleaded in abatement.” (1 Chitty’s Pleadings, 65.)
The possession of one parcener is at common law the possession of the other, and the entry by one is held to be an entry for all, for the reason that unity of possession exists, and can only be severed by partition or alienation of the interests. (2 Blackstone, 190; 1 Cruise on Real Property, 383.) If this be so, and the possession by the mother does not affect their rights, the continued occupancy of the land by some of the coparceners during the life of Mrs. Givens would give her husband curtesy. “ Curtesy and dower are incidents to estates held in coparcenary.” (1 Cruise on Real Property, 385; 1 Bishop on Married Women, 304.)
In the case of joint tenants such an estate could not be created at common law by reason of the doctrine of survivor-ship. It is urged, however, that the widow of Jonathan Potts held and cultivated all the land during her life, and that she alone had the actual possession. It does appear that she held it by the consent or acquiescence of the adult children, and maintained the infant children out of its proceeds. This holding made the widow a tenant in common with the children, including her daughter, Mrs. Givens. There had been no assignment of dower so as to sever their interests, and although the daughter had a greater estate in the land than the mother (the latter having only a life-estate in one third of it), still the only unity required to make them tenants in common was that of possession. The mother entered upon the land, or retained the possession after the death of her husband, recognizing *684 all the time the right of the children as the owners in fee-simple. Her possession was not adverse to the children, but only strengthened the common estate, and her possession and seizin were the possession and seizin of all.
In Gfreenleaf’s Cruise on Real Property (vol. 1, p. 400) it is said that estates held in common are subject to curtesy, and in support of this position, with a view of showing the character of possession and seizin necessary to give curtesy, he says, “A died, leaving a widow, son, and daughter; the widow entered upon the estate as tenant in dower of one part, and as tenant in common with her son of another part. The son died and the daughter inherited, ai:d married, leaving issue and her husband surviving. It was held that the seizin of the mother, she being tenant in common with the daughter, was the seizin of the daughter sufficient to make the husband tenant by the curtesy.” In Bishop on the Law of Married Women (vol. 1, p. 504) it is said, “ If the estate of the wife is a tenancy in common, the husband is entitled to curtesy, and the case of this estate is also an exception to the rule that there must have been an actual seizin in the wife; for if the tenant have had seizin, that will be sufficient as in tenancy in common; the possession of one tenant is considered the possession of his co-tenant.” In Hilliard on Real Property the doctrine is thus recognized: “ So estates in common are subject to curtesy, and the possession of one tenant in common is regarded so far that of the other that the latter shall be tenant by the curtesy.” (Yol. 1, third ed., 593; 1 Washburn on Real Property, 161; Clancy on Married Women, 181.)
All the common-law authorities harmonize on this subject; and, recognizing the possession in such cases as common to all,require that actions shall be brought in the name of all for injuries to the common estate. If held otherwise, every tenant in coparcenary or tenant in common must have actually resided on the. land or have placed it in possession of a lessee to create *685 such a possession as would give curtesy. This would be the correct rule where there had been no actual entry or possession, either by the husband or wife, or some one for their use. There is no reason, however, why the possession of a co-tenant in the estate itself, holding for himself and co-tenants, should not be deemed as much the possession of all as if they had united in a lease to a stranger, and placed him on the land. The statute of this state gives curtesy “ where there is issue of the marriage born alive in all the real estate owned and possessed by the wife at the time of her death, or of which another may then be seized to her use.” (2 Revised Statutes, p. 23.) It results therefore that the appellee is tenant by the curtesy. A question, however, arises upon the facts as to the extent of the husband’s interest, or as to how much of the wife’s inheritance he has a life-estate in. This land was not divided until after the widow’s death, and his claim and possession under the division cover the whole land to which the wife was entitled, including the widow’s dower. It is true dower was never assigned; but the mother being a tenant in common, and holding possession for the daughter, entitled the husband to the use of no more land than the wife during her life-time had the right to use by reason of the possession by her co-tenant. There was no unity of interest between the mother and daughter, although the unity of possession existed. This interest of the mother the daughter had no right' to possess until after the mother’s death, and all the latter held in the mother’s right of dower was the legal title, subject to her mother’s life-estate. The husband therefore is not entitled to curtesy in one third of the tract of land left by Potts at his death.
The division having been made between the heirs, it will not be necessary to disturb it by reason of this judgment. The commissioner should be directed to ascertain how much of the land allotted to the heirs of Mrs. Givens, and occupied by the husband as tenant by the curtesy, should be made *686 to contribute in assigning to tbe widow her dower, if living, having due regard to quantity and quality; and what it should contribute must be set apart out of this particular parcel to the children, and the possession delivered to their guardian, the appellee accounting for rents therefor, as he has no curtesy in it. We see no reason for disturbing the settlement of the appellee’s accounts as guardian, except to make him account for the rents, as stated.
For the reasons indicated the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.