Bransom, &c., v. Thompson, &c.

CASE 61—EQUITY—NOVEMBER 3, 1883.

# Bransom, &c., v. Thompson, &c.

APPEAL FROM LYON CIRCUIT COURT.

1. The power of attorney, but for the disability of infancy on the part of Mrs. Bransom, would have passed the title, and the attorney in fact being authorized to sell her undivided interest, the fact that the land was afterwards divided did not revoke the power.
2. No limitation begins to run against a *feme covert* by reason of a sale by the husband of her land except under the thirty years' statute.
3. The doctrine that one obtaining possession from the husband of the wife's land must return it, at the death of the husband, still applies, unless the thirty years' statute intervenes.
4. The husband being entitled to curtesy in the land, and still living, appellants have no right of entry.

R. W. WAKE AND J. G. HUSBANDS FOR APPELLANTS.

1. The court erred in refusing appellants a judgment for costs.
2. Mrs. Bransom, being an infant and a *feme covert* when she executed the power of attorney, it is void.
3. Mrs. Bransom was not seized of the land at her death, and therefore her husband had no curtesy in the land. (Hedger v. Ward, 15 B. M., 106; Gregory v. Ford, 5 B. M., 472; Pyle v. Cravens, 4 Littell, 18; Hardin v. Gerard, 10 Bush, 261; Semple v. Morrison, 7 Mon., 302; Robinson v. Robinson, 11 Bush, 175; Miller v. Shackleford, 3 Dana, 299; Parmers v. Respass, 5 Mon., 567; Tauls v. Winn, 5 J. J. Mar., 442; Dehart v. Wilson, 6 Mon., 580; Conner, &c., v. Downing, 4 Bush, 631; Medlock v. Suter, MS. Opin., February 16, 1882; sec. 1, art. 2, chap. 47, Revised Statutes; Carr v. Givens, 9 Bush, 683; Vanarsdall v. Fauntleroy, 7 B. M.; sec. 27, art. 1, chap. 63, Revised Statutes; Oldham v. Henderson, 5 Dana, 256; sec. 17, art. 4, chap. 47, Revised Statutes.)

WM. LINDSAY, T. J. WATKINS, P. H. DARBY, F. A. WILSON, WM. MARBLE, AND F. W. DARBY FOR APPELLEES.

1. The husband of Mrs. Bransom is still living, and has a curtesy in the land.
2. The sale having been made by the husband, and the vendee having at once taken possession under the authority of the husband, it perfects his title as tenant by the curtesy, and the vendee has the right to the land during the lifetime of the husband.
3. During the husband's lifetime appellants' cause of action cannot accrue. (Rice v. Rice, 10 B. M., 420; Craig v. Barker, 4 Dana,

600-'1; Sebastian v. Ford's heirs, 6 Dana, 437; Carr v. Givens, 6 Bush, 680; Powell v. Garrow, 18 B. M., 192; Vanarsdall v. Fauntleroy, 7 B. M., 401; Medlock v. Suter, MS. Opin., February 16, 1882; Conner and wife v. Dawson, 4 Bush, 632; Dethridge v. Woodruff, 3 Mon., 244; 1 Hilliard's Real Estate, ch. 7, sec. 3; Miller v. Shackelford, 3 Dana, 289; Smith v. Shackelford, 9 Dana, 475; Taylor v. Shunwell, 4 B. M., 575; Murray v. Fishback, 5 B. M., 403; Drane v. Gregor's heirs, 3 B. Mon., 619; Gregory v. Ford, 5 B. Mon., 471;. Stephens v. McCormick, 5 Bush, 181; 1 Bishop on Married Women, secs. 529-'30, 537; Railroad Co. v. Washington County, 10 Bush, 573; Potter's Dwarris on Statutes, p. 162; Cooley's Const. Lim., side pages 360-'1, 370; Herrell v. Wood, 1 J. J. M., 284; Donaghue v. Akin, 2 Duvall, 579; 83 Ill., 171; Massey v. Sebastian, 4 Bibb, 433; Aldridge v. Kinkaid, 2 Littell, 390; Morrison v. Caldwell, 5 Mon., 434; Logan v. Steel's heirs, 4 Mon., 433; Logan v. Steel, 7 Mon., 108; Logan v. Moore, 7 Dana, 76; Vanada v. Hopkins, 1 J. J. M., 292.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Matthew Lyon died many years ago, leaving several children surviving him, and the owner of a large tract of land, then in Caldwell but now in Lyon county, that descended to these children.   One of his daughters became the wife of Clark S. Bransom, and in March, 1852, Bransom and his wife executed a power of attorney to one Quarles, empowering him to sell and dispose of any part, or the whole, of the then undivided interest in the lands of Matthew Lyon lying in the counties of Caldwell, Marshall, Ballard, or McCracken, or elsewhere in the state.

Proceedings were then in progress for the division of the land between the children, and after the execution of the power of attorney, a division was made.

The commissioners allotted to Mrs. Bransom the land in controversy in this action.

The land was sold by the attorney in fact to Francis Lyon, and the present appellee claims to hold as the vendee or the sub-vendee of Francis Lyon.

Mrs. Bransom died about the beginning of the year 1879, leaving her husband surviving her and several children.

In a proceeding instituted by the vendees in possession for a division of the land under the commissioners' deed, the children of Mrs. Bransom sought, by a petition filed, to be made defendants to that proceeding.   They were made defendants, and, by appropriate pleadings, sought to recover the land in controversy (250 acres), upon the ground that their mother was an infant married woman when the power of attorney was executed; that it was, therefore, void, and the defendants holding under her are without title.

After the marriage of Mary Ann Lyon, the mother of these appellants, to Bransom, one Skinner, who had been her guardian, still continued to control the land as the agent of Bransom and wife, renting the lands out and placing tenants in the possession.   There is no doubt of the possession or seizure of Mrs. Bransom as early as 1851, and during the coverture until the sale made under the power of attorney.   There is some question made in the pleadings below as to the validity of the division of the land between the heirs of Matthew Lyon; but, at best, the proceedings were only informal, and the possession under the division, as between the heirs, is a complete confirmation of what was done by the commissioners, and whether acquiescence in this division has been pleaded or not, the possession under it since 1852 is sufficient to make it valid in the absence of some allegation of fraud or bad faith practiced upon those who labored under disabilities at the time the division was had, nor do we adjudge that such relief could be given at this late day.   The division being made, the power of attorney passed the title but for the disability of Mrs. Bran-

som, and while the attorney in fact is authorized to sell the undivided interest of Mrs. Bransom in the whole land, the fact of its being afterwards divided did not revoke the power, for the purpose of its execution was to authorize the attorney to sell, the division then being in progress.

The only question necessary to be considered on the appeal of the children of Mrs. Bransom, is that in relation to the interest of their father in the land. Was he a tenant by the curtesy? If so, the children are not entitled to the land until the death of their father, the life-tenant; and this was the judgment rendered below, of which they complain. They maintain that their father has no interest, as there was no seizure in the mother at her death, and they are, therefore, entitled to the immediate possession.

If the rule of the common law was changed by the Revised Statutes as to what constitutes a tenant by the curtesy, and we think it was not, a question not necessary, however, to be decided in this case, the wife was seized of the land prior to the adoption of the Revised Statutes.

No limitation begins to run against the wife except under the thirty years' statute by reason of a sale by the husband, and the doctrine that one obtaining possession under the husband of the wife's land must restore that possession at the husband's death, applies still, unless the thirty years' statute protects him. (See Gregory v. Ford, 5 B. M.)

The case of Suter v. Medlock is certainly misunderstood by counsel on both sides.

There is a period at which no right of action exists for the recovery of land, or rather, when the right of action is barred, and this is fixed at thirty years, although the party making the sale was laboring under a disability at the time of the same. The disability of infancy or coverture, or both

combined, will not stop the running of the thirty-year statute. If an infant or a married woman sells her land with or without the consent of the husband, and the party is placed in possession and holds the land, or those claiming under him, for thirty years, then the statute provides that no recovery shall be had, with the further provision that if the disability was removed at the time of the sale, the right of entry or the right to sue existed. To illustrate: If the husband and wife sell, the wife being an infant or *feme covert,* a possession for thirty years under the sale would bar a recovery by the wife or her heirs, because, if she was not under disability, the title would pass, and no cause of action could exist; or if the sale of the absolute fee was by the husband alone, the wife could not sue, because if, at the time of the sale by him, her disability had been removed, the right of entry would exist. The thirty-year statute does not apply when the cause of action has not accrued; as, when the tenant for life sells, the remainderman cannot sue until the termination of the life-estate; but when there is a sale, or the party entitled could have sued, but is laboring under the disability of infancy or coverture, the thirty-year statute runs, because the disability under that statute affords no protection. This is not the rule applicable to any other statute, and the thirty-year statute was enacted so as to prevent a recovery for no other reason than that they were infants or *feme coverts* when the cause of action accrued. This statute denies the right of entry after thirty years, and says that no disability will permit it if you had a cause of action, provided no disability existed, and it was in that light the case of Suter v. Medlock was discussed.

The thirty-year statute having no application to this case, the possession under the sale by the husband, although not

binding on the wife, was the possession of the wife, and, at the death of the wife, the husband was entitled to the curtesy, or those to whom he had sold. There was the marriage, the birth of living children, and the seizure of the wife.

The judgment below was therefore proper, denying to the appellants the possession until their father's death, and as they are only here on the question of facts canceling the conveyance by their mother, the court below erring in that particular only, we will not reverse upon such a ground.

Carr v. Givens, 9 Bush, 679.

Judgment affirmed.