Judge Nicholas
delivered the following Opinion and decision, of the majority of the court — from which Judge Underwood dissented.
Basemen died possessed of a tract of land which he held by,virtue of a bond for the title from Owings; and com-'issioners appointed by the county court of Bourbon, in 1798, made partition of it between five of his children, of whom Catharine was one. Hopper afterwards married Catharine, and took possession of the portion allotted to her.
In 1803, they united with the others between whom the tract had been divided, in a suit in chancery against Owings, for a conveyance of the title to them respectively, according to the division as made. Pending the suit Catharine died, having first given birth to a child, who survived her only a few weeks. The suit was then abated as to her, and “revived as to her, in the name of Hopper, heir at law of Francis B. Hopper, (the child,) who was heir at law of said-Catharine.” The bill was taken for confessed against Owings, upon proof of publication againt him as a nonresident for eight weeks, and a decree rendered directing a conveyance by a commissioner, of the part allotted to Catharine, to be made to Hopper, as heir at law to his child, who was heir at law to Catharine, and of the other parts to the other children of Baseman, pursuant to the division — which was accordingly done ; the commissioners deed to Hopper reciting, as the decree had done, that he was heir at law to the child, who was heir to the mother Catharine. Hopper continued in possession of the part thus conveyed to him until the spring 1807, when he sold it to Batterton, and put him in possession, who has retained it ever since, claiming it as his own. In August'1809, Hopper, having received payment from Batterton, conveyed it to him by deed warranting against Owings and Baseman’s heirs. In 1827,' *433 Hopper died, and shortly thereafter, in September, 1827, •Baseman’s heirs filed their bill in the nature of a bill of review against Batterton and the heirs of Hopper, alleging the mistake committed in the decree., in directing a conveyance in fee to Hopper of the part allotted to Catharine — he not being entitled thereto as heir to their infant child, but only to a life estate as tenant by the courtesy; and praying a revision and correction of the mistake in the decree. In May, 1829, they filed an amended bill, making the heirs and devisees of Owings parties, alleging the former decree against him to be void, as there was no service of process upon him actual, or constructive, the publication not having been legally made; pray title may be conveyed to them severally, for their several parts, according to the original division, and as to the part allotted to Catharine, that that may be conveyed to them jointly, and Batterton made to surrender the possession.
Batterton relies on.the undisturbed possession In himself and Hopper, of upwards of twenty years before the institution of this suit, and that he is a purchaser for valuable consideration, without notice of the equity alleged by the complainants.
The sufficiency of the latter ground of defence need not be enquired into, as we think the first must avail and protect him.
It has been attempted to obviate the effect of the lapse of time, by asserting that, as Hopper originally took possession in right of his wife, he must have continued to hold after her death as tenant by the courtesy, and as such, he and his alienee had a right to hold during his life, and consequently that the limitation would not commence running until after his death.
All this might well be conceded, provided there had been no decree and conveyance pursuant to it, purporting to transfer to Hopper the absolute fee. The decree and conveyance do not purport to convey the title merely that was in Owings, but in affirming and executing the partition, necessarily transferred to Hopper, also the right of Baseman’s heirs to the part conveyed to him. The right to correct the mistake in the decree accrued *434 to Baseman’s heirs the instant it was rendered, and it must, therefore, on every principle, be held to have been ■barred before the institution of this suit.
’Whether, if the application to correct the decree, and for the relief now sought, had been made against. Hopper alone, before the lapse of twenty years, but after the period allowed for bills of review, relief would have been granted, need not be determined.
The case is now presented in a very different attitude from that. Hopper and his alienee held the property upwards of twenty years in undisturbed possession before the institution of the suit.
However gross, therefore, may have been the error or mistake committed by the decree, in supposing the land had descended to Hopper from his infant child, we think that it is entirely too late, on the ground of such error or mistake merely, to disturb a purchaser from Hopper for a full and valuable consideration.
Thedecr.ee must, therefore, be affirmed with costs— Judge Underwood dissenting.