CASE 39—PETITION EQUITY—JANUARY 23.

## Payne vs. Pollard, &c.

APPEAL FROM BOYD CIRCUIT COURT.

1. Real estate acquired by purchase by a woman, and conveyed to her, her heirs and assigns, without the exclusion of the marital rights of any future husband, is not held by her as separate estate, and, at her death, leaving a husband surviving her, such real estate descended to her heirs-at-law, without any power in her to deprive them thereof by last will. (*Secs. 2 and 4, chap,* 106, 2 *Stant. Rev. Stat.,* 457.)

2. A sheriff who levies an execution on land held jointly by the execution defendant and others, who are minors, should proceed as required by the act of February 12, 1858. (2 *Stant. Rev. Stat.,* 513.) He should not make a sale, but return the facts. Although a sale and conveyance, made without complying with said act, pass no title, yet the execution creditor acquired a lien by the levy, and may thereupon proceed, by equitable proceedings, to partition and subject to the satisfaction of his execution the interest of the debtor so levied on.

ED. F. DULIN,                                    For Appellant,
          CITED—
2 *Bright on Husband and Wife*, secs. 10, 11, *p.* 224.
1 *Jarman on Wills, pp.* 27, *a, b, c, d, e.*
*Rev. Stat.,* "*Wills,*" secs. 2, 4, 29, 2 *Stant.,* 457 *and* 466.

JAMES M. RICE and
A. J. JAMES,                                     For Appellees,
          CITED—
18 *B. Mon.,* 259; *Hughey vs. Sidwell's heirs.*
2 *Metcalfe,* 342; *Henderson vs. Hayne.*
*Revised Stat., chap.* 106, *secs.* 29 *and* 58, 2 *Stant.,* 466,
     468.
1 *Monroe,* 155; *Smith vs. Moreman.*
*Williams on Executors,* 2 *Am. ed.,* 368–9.
1 *Paige,* 176; *Clark vs. Fisher.*
4 *Mon.,* 422; *Payne's Will.*
5 *Littell,* 274; *Wells's Will.*
9 *Dana,* 41; *King vs. Bullock.*
8 *B. Mon.,* 348; *Singleton's Will.*
10 *B. Mon.,* 474; *Tibbatts vs. Berry.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

By *section* 2, *chapter* 106, *on* "*Wills,*" 2 *Stanton's Revised Statutes,* 457, it is provided, every person of sound mind, who may have arrived at majority, *not being a married woman*, may, by last will, dispose of their estate.

By section 4, " a married woman may, by will, dispose of any estate, secured to her *separate use,* by deed or devise, or in the exercise of a special power to that effect."

Mrs. Payne, the testatrix, had seven children by her first husband, H. B. Pollard. After his death, and before her marriage to Spencer Payne, she acquired, by purchase, and deed, the legal title to a tract of land, which was not a separate estate, but is general to her, her heirs

and assigns, without the exclusion of the marital rights of any future husband.

As Spencer Payne survived her, she was a married woman at her death, and could legally pass, by last will, only such separate estate as she then had. This real estate, therefore, descended to her heirs-at-law, without any power in her to deprive them thereof by last will; and the interest of Geo. B. Pollard, one of her children and heirs-at-law, was subject to be levied upon under execution against him. But, as it is evident that it was held jointly with others, the officer should have proceeded as directed by the act of February 12, 1858. (2 *Stanton's Revised Statutes*, 513.)

If the joint owners, being notified by the officer of the levy, notify him that they claim a joint interest, it is his duty to return the facts, and the plaintiffs are thereupon to proceed in equity. Here the officer knew of the joint ownership, and that the joint owners were minors. The officer should not have made a sale; but the statute secures a lien to the execution creditor, which he can enforce by equitable proceedings.

It was erroneous to dismiss plaintiff's petition, notwithstanding the sale and conveyance by the officer was invalid; yet appellant acquired a valid lien by the levy of his execution, which the court, on proper proceedings, should perfect, by a sale of the land levied upon, to satisfy it; and, to this end, should first partition G. B. Pollard's interest, after having all necessary parties properly before the court.

Judgment reversed, with directions for further proceedings as herein indicated.

To the petition of A. J. James, in behalf of appellees, for a rehearing,

JUDGE WILLIAMS DELIVERED THE FOLLOWING RESPONSE OF THE COURT:

Appellees insist, in their petition for a rehearing, that the provisions of *section* 29, *chapter* 106, 2 *Stanton's Revised Statutes*, 466, authorizing county courts to probate wills, and declaring that "*its probate before such court shall be conclusive until the same is superseded, reversed, or annulled,*" has been violated in the opinion.

What is it that is conclusively established by such probate? *The words of the will, that the testator was of sound, disposing mind, and that it has been regularly executed and proven,* but not the legal effect and meaning of the words of the will; for surely, if a neighbor should intentionally, or by oversight, devise my lands, this would not divest me of my title, unless I should have the probate set aside. Nor has any authority been shown to this effect. It is true, if the will should make a devise or bequest inconsistent with the rights of the heir-at-law, he cannot accept the devise or bequest so far as it is his interest to do so, and repudiate it as to the balance. In such case, if he elects to hold under the will, he is estopped from setting up against it, because, by his election to hold under the will, he establishes it and surrenders all his rights antagonistic to it.

Judge Redfield, in his admirable Treatise on the Law of Wills (*vol.* 2, *p.* 53, *subdiv.* 6, *of sec.* 5), says: "The effect of probate is to establish the words of the probate as the legal will of the deceased. *How far these words extend, what is their precise scope and operation, will unquestionably remain to be considered and determined by the tribunals before which any party may claim a right under the instrument.* Thus a will executed under a power, being admitted to probate, it is thereby conclusively established

that the will contained the effective words of the probate, and that it was duly executed according to the law governing it ; *but how far it is a compliance with the requirements of the power, and whether operative under it, must be settled by the tribunals before which these questions shall be raised.*"

Now, if every tribunal before which it might come would examine to see whether a married woman's will was in accordance with a power, in cases where she has such power, to devise, how much more so would it be where she had no legal power whatever to devise the land; and if courts would construe the will as ineffectual when not in accordance with the power, how much more so when no legal power of any character existed.

The testatrix in this case had no legal power by last will to deprive her heirs-at-law of the land ; and, as the will was ineffectual for that purpose, it can only be made operative by some voluntary act of the heir, which would estop him from setting up, as here, an inconsistent claim to the provisions of the will, as claiming the devises and bequests of the will; but nothing of this kind appears in this case.

It was not intended by the Legislature to make this provision as to the probate of wills operate a repeal of sections 2 and 4 of same chapter 106, on Wills, in which it is provided when and how a married woman may make a will, and in no other cases.

The conclusiveness of the probate does not give effect to the words of the will in contravention of the laws of the land and general policy of the State ; nor can it, *per se*, deprive the heir-at-law of his inheritance in cases where there is no special power in the testatrix to do so, and he has by no voluntary act precluded his claim as

heir-at-law; and these views are in perfect accord with all the decisions of this or other courts referred to by the learned counsel for appellees.

Petition for a rehearing overruled.