*Hallam,* for appellees.

---

JOHN STEGAL ET AL., *v.* JAMES BROOKE.

**Appeals—Cross Appeals.**
> A party has no right to a cross appeal where there has been no appeal from the judgment in his favor.

**Wills—Married Women.**
> Mrs. Anderson being a married woman could make no will except in pursuance of a power and her father's will uevising to her the land in contest did not give this.

**Adverse Possession—Evidence—Will.**
> A will otherwise inoperative is competent to prove how the devisee held title and that his holding was in his own right and adverse to the world.

APPEAL FROM LINCOLN CIRCUIT COURT.

June 27, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellants having recovered what they claimed of Stephen Cummins in the 21 acres of land did not appeal from the judgment as to him; but their claim as to the 129 acres then in possession of John Brooke being rejected they did appeal as to this. This, then, being no appeal by Stegal et al against Cummins he could not take a cross appeal, but if dissatisfied with the judg-

ment must sue out an appeal from the clerk of this court, therefore, it is not necessary to determine whether the plea of limitations as to his cross appeal was in time or not, it being filed after submission, the cross appeal of Cummins is therefore dismissed without prejudice.

Mrs. Ann Anderson being a married woman could make no will except in pursuance of a power and her father's will devising to her the land in contest did not give this.

But still the will was competent to show how her son to whom she devised the land held and that his holding was in his own right and adverse to all the world and especially towards his half brothers and sisters, children of his mother by another father. The will of the testatrix Ann Anderson was admitted to record in the year of 1829 and this suit was not brought until July 16, 1856, some twenty-seven years thereafter, the statute of limitation is relied on as a bar among other defences. There is nothing in the record to take the case out of the operation of the statute and this was sufficient reason for the courts adjudging against plaintiff's claim to the 129 acres.

The judgment in favor of plaintiffs for five-sixths of the 21 acres manifests that the court regarded Mrs. Anderson's will as insufficient by itself to convey the land, but adverse possession under it may by lapse of time perfect the title under it.

Wherefore, the judgment is affirmed.

*Bradley,* for appellants.

*Dunlap,* for appellees.