## WM. WEBBER v. JNO. C. GIBSON.

[Abstract Kentucky Law Reporter, Vol. 7—223.]

**Title by Adverse Possession.**

> One can not recover title on a possessory claim as against one who at the date of the beginning of the action was in and had been in the actual possession of the land, claiming it as his own for more than forty years. The plaintiff in such an action must show his own title before he can recover.

### APPEAL FROM GALLATIN CIRCUIT COURT.

September 26, 1885.

OPINION BY JUDGE HOLT:

This action was brought by Polly Webber and Eliza Ann Shirley on January 17, 1880, against John C. Gibson for the division of a tract of land held by him of about three hundred acres, and the allotment to each of them of an undivided interest. The petition alleges that it belonged to their father, Wm. Bledsoe, who died testate in July, 1817; that he devised the one-third of his estate, both real and personal, to his wife during her life and then to his fifteen children equally and the remaining two-thirds to his children equally, save a slave, that was given to one of his sons. The wife together with some of the children remained in possession of all the land in contest until her death in 1838, and then or possibly not till in 1839, the appellee took possession of the land, claiming it as his own. His father, who had then purchased all of or most of the interests of the Bledsoe children, lived with him and it was then understood between the father and son that the appellee was to have this land but the father never conveyed it to him. It was then in the main uncleared, but little improved, and of little value as compared with its present worth. The father died testate in 1849, his will providing that the appellee, who was one of his executors, should have two hundred acres of this land, and the remainder of it, by paying his three brothers a certain sum. After his death the four sons settled and divided the estate, the appellee retaining all the land, and accounting to his brothers as required by his father's will, but no conveyance was ever made to him by them.

Polly Webber married Phillip Webber prior to October, 1827. He died on March 10, 1877, or nearly three years before this suit was brought, having on October 20, 1827, executed a title bond in the name of both himself and his wife, but in which she did not unite, to the father of appellee, which, upon its face, purports to convey the entire interest of himself and wife in the estate of her father.

Eliza Ann Shirley married John Shirley prior to April, 1830; and he died on May 18, 1866, or nearly fourteen years before this action was instituted. On April 24, 1830, he executed to one Ross a title bond for his wife's interest in her father's estate, and his wife's name is signed to it by mark and attested by a witness, but she testifies that she did not sign it. There is no testimony in the record showing its execution, nor is the absence or death of the attesting witness shown. It appears, however, that she could not write, and that she knew of the sale by her husband to Ross. Under these circumstances and in view of the age of the paper, we are of the opinion that while she is perhaps honest in her statement, yet that her recollection is at fault, and that she in fact signed the bond. It was assigned by Ross to the appellee's father February 17, 1836.

The answer of the appellee denied all of the material allegations of the petition, and also relied upon his long continued possession of the land. Under a rule of the court he was compelled over his protest to produce, and file the two bonds above named. He testifies, however, that they were among his father's old papers, which came to his hands as his executor; that he never knew their contents until after this suit was brought, and never knew of their existence until after his father's death; that he had always claimed and held the land under the parol gift of his father in 1838 or 1839, sanctified by his will; and that he had never claimed by virtue of the bonds, or through the plaintiffs. It does not appear that the father ever claimed the land by virtue of the bonds; nor is there any satisfactory evidence that he ever claimed title through the plaintiffs, although the circumstances point in that direction.

The plaintiffs also sought to recover their portion of the interest of a brother and two sisters, who died intestate and either unmarried or without heirs. It is conceded in argument that they are not entitled to this relief as to the portion of one of said sisters, whose name after her marriage was Winifred Ellis.

As to their interest in the portion of the other sister Virginia,

and their brother James, we infer from the testimony that title bonds had been given therefor to those for their own interests; and hence questions are presented as to all the interests.

Mrs. Shirley having united in the sales, made more than thirty years before the bringing of this suit, is not entitled to recover under the ruling in the cases of *Medlock v. Suter,* 80 Ky. 101, 3 Ky. L. 587; *Branson v. Thompson,* 81 Ky. 387, and *Mantle v. Beal,* 82 Ky. 122, 5 Ky. L. 889 (see 6 Ky. L. 4).

Mrs. Webber did not, however, unite in the sales of her interests in the land and they having been made prior to 1846 the husband had a right to sell his life estate; and although the bond purported to convey the fee, yet as every grant is effective to the extent of the grantor's right, it was sufficient to pass his life estate; and until his death, the wife, as in the case of a remainderman, could not sue; and as he died within less than three years prior to the bringing of this action, she is entitled to recover unless there is some other legal obstacle in her way.

The action, although in equity, is in substance on ejectment. It is not shown that Wm. Bledsoe had any title whatever to the land. It appears he was in possession of it as early as 1808 and claimed it as his own. One witness, who is a son of Wm. Bledsoe, testifies that he heard from the family but not from his father, that he had a bond for a title; and another witness says that he got the land from one Johnson; and this is all the testimony tending to show even that he had a title.

The appellants, however, while conceding that they must recover upon the strength of their own title say that they are entitled to recover upon a possessory one. We are, however, of the opinion that this is not permissible as against one, who at the institution of the action had been in the actual possession of the land, claiming it as his own for over forty years. But he is told that he bought of the husband, who attempted to sell the fee, when he had but a life estate and that his possession has been amicable; and that he is estopped from claiming against us. Admitting that he did so buy, it does not prevent him from replying that you are the plaintiffs, and you must show your own title before you can recover. The appellee has been in possession for over four score years. During that time he has in good faith cleared and improved the land greatly and

largely enhanced its value; and the equity in the case as well as the law protects him in his home.

Judgment *affirmed.*

*Geo. C. Drane, for appellant.*

*Masterson & Gaunt, J. J. Landrum, for appellee.*