Bradley v. Burgess.

CASE 97—PETITION ORDINARY TRANSFERRED TO EQUITY—
DECEMBER 8.

# Bradley v. Burgess.

APPEAL FROM FLEMING CIRCUIT COURT.

LIMITATION—THIRTY YEARS STATUTE.—The right to bring an action·
for the recovery of real property can not be extended beyond thirty
years from the time the cause of action first accrued, even to a person
laboring under disability when the cause accrued.

Husband and wife executed a deed purporting to convey the absolute·
title to the wife's land. The grantee acquired possession, and, claim-
ing the absolute title by virtue of the deed referred to, continued to
hold the land for over thirty years before this action was brought by
the grantor's wife to recover the land, upon the ground that the deed
executed by her and her husband did not pass her title. *Held*—That
the action is barred.

W. P. ROSS FOR APPELLANT.

1. The plea of the thirty years statute is not good, because it does not
aver an adverse holding for more than thirty years before the institu-
tion of the action.
2. The husband having the right· to the property during his life, and the
deed purporting to convey what estate he had, the wife's right to sue·
did not accrue until the husband's death, and the statute of limitations
began then to run. (Webber, &c., v. Gibson,· 8 Ky. L. R., 125.

W. A. SUDDUTH FOR APPELLEE.

1. When two convey and only one has title, the grantee will be pre-·
sumed to hold under the one having title. (Taylor v. Watkins, 4 B..
M., 566.
2. Thirty years holding adversely, previous to institution of the action,
is an absolute bar. (Medlock v. Suter, 80 Ky., 101; Mantle v. Beal,
82 Ky., 122.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT..

In January, 1878, her husband having died a few
years before, appellant instituted this action to recover·
of appellee an undivided tenth of a tract of land con-
taining about one hundred and two acres, of which

her father, Henry Walker, died the owner in 1833. In 1834, under an order of the county court of Fleming county, where it lies, an allotment of dower and division between his children were made of the land, though no deeds of partition appear to have been executed. In 1836 a deed was made by Darius Bradley and his wife Nancy Bradley, the appellant, purporting to convey to John Bright an undivided tenth of the tract. About the same time Bright purchased the interests of five others of the children of Henry Walker, and Fitzgerald acquired the interests of the remaining four. And from them, by conveyances which seem to have been regularly made, appellee obtained the title and possession of the entire tract.

The evidence shows that, at the time this action was commenced, appellee and those under whom he holds, had the previous actual, continuous possession of the whole tract, claiming by purchase from the heirs of Henry Walker, for about forty years ; and the first, and we think, only question necessary to consider, is whether section 4, article 1, chapter 71, General Statutes, applies to this case. It is as follows : " The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims, by reason of any death or the existence or continuance of any disability whatever."

It appears that in the division of the land between the children of Henry Walker, the lot which should have been given to appellant was set apart in the name

of her husband by the county court commissioners, who stated in their report it had been sold to John Bright.

Although appellant, as well as her husband, was a party to, signed and acknowledged the deed made to Bright in 1836, it is now contended her title was not conveyed thereby. But we do not deem it necessary to determine whether it was or not effectual to pass her title, or whether she is now estopped by the proceeding in the county court, to which she was a party, to question the title of appellant. For if the interest which her husband undertook to convey, and by the terms of the deed did convey, was the absolute title, and not merely his life estate, and John Bright acquired possession and claimed such title in virtue of the deed, her right to bring an action for the recovery of her interest in the land, in the meaning of the statute, then accrued, and could not be extended beyond thirty years from that time, although she then labored under the disability of coverture, and so continued during that entire period. (Medlock v. Suter, 80 Ky., 101 ; Mantle v. Beal, 82 Ky., 122.)

That by the terms of the deed, and according to the manifest intention of the parties to it, the fee-simple title was conveyed, or attempted to be conveyed, clearly appears ; and it also appears John Bright, soon thereafter, took possession, and he and his vendees have since held and claimed the land as absolute owners, which, as heretofore held by this court, was an adverse holding, and afforded appellant a cause of action when he first so entered and claimed ; and as the section quoted was clearly intended to prescribe the period of

thirty years as the limit beyond which the right to bring an action for the recovery of real property should not be extended, even to a person laboring under disability when the cause first accrued, it follows that appellant is barred of recovery in this action.

Judgment affirmed.