CASE 107—PETITION EQUITY—DECEMBER 6.

## Treadway v. Pharis, &c.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

LIMITATION.—While children could not have recovered during their father's life-time a tract of land which he had procured to be conveyed to himself instead of their mother, he being tenant by the curtesy, yet they could, upon the death of their mother, if ever, have sued to set aside the deed upon the ground of fraud, and, therefore, limitation then began to run against them, and, not having sued within either five or ten years thereafter, they can not now maintain an action to set aside the deed, which must be done before they can recover the land.

J. F. WINN, W. M. BECKNER FOR APPELLANT.

As W. M. Pharis had curtesy in the land sued for, the appellant's cause of action did not accrue until his death, and limitation did not begin to run until then.

LEELAND HATHAWAY FOR APPELLEES.

1. Nothing can extend the time for instituting a suit for relief in a case like this beyond thirty years after the right of action accrues, and the

right of action accrued in this case when the land in controversy was conveyed to the decedent and he was put in possession. (Medlock, &c., v. Suter, 80 Ky., 101; Conner and Wife v. Downer, 4 Bush, 631; Gen. Stats., chap. 71, art. 1, sec. 4.)

2. Even if there was a resulting or constructive trust, the statute is a bar. (Manion's Adm'r v. Tetsworth, 18 B. M., 601.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants, children and heirs-at-law of W. M. Pharis by his first wife, brought this action against his children and heirs by his second wife, Hester C. Pharis, also made defendant, for a division of his lands fairly, but in such manner as to exclude a tract of about fifty-eight acres, conveyed to the decedent in 1848 by one Tarlton Embry, which they pray may be adjudged to belong to them to exclusion of the defendants.

The ground upon which appellants place their exclusive right to that tract of land is, that the consideration was paid to Embry out of the estate of their mother, and that though there was an agreement between her and their father the deed therefor was to be made to her, he fraudulently and without her knowledge or consent procured same to be conveyed to himself.

The only inquiry we need to make is, whether the recovery sought by appellants is barred by the statute of limitation, inasmuch as the demurrer sustained to the reply precluded any issue of fact.

Notwithstanding about forty years elapsed from execution of that deed to institution of this action, avoidance of the statute of thirty years was pleaded in the reply upon the ground their father was tenant by curtesy, and no action to recover the land

could have been maintained until his death. But without considering or deciding as to sufficiency of the reply in that respect, it seems to us they are barred by section 6, if not by section 2, article 3, chapter 71, General Statutes; for, as the ground of relief is the alleged fraud of their father in causing the deed made to himself instead of their mother, they had a cause of action, if ever, upon her death, and, not having sued within either five or ten years. thereafter, they can not now maintain an action to set aside the deed, which has to be done before they can recover the land. While they could not recover the land during the life-time of their father, there was nothing to prevent institution of an action to set aside the deed, and thereby change the character of his claim and possession from that of absolute ownership to a tenancy by curtesy.

Judgment affirmed.