CASE 74—ACTION TO RECOVER LAND—MAY 23.

# Jeffries & Others v. Butler.

### APPEAL FROM GREEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL.  REVERSED.

CONSTRUCTION OF DEED—LIFE ESTATE—LIMITATION OF ACTION—AC-
CRUAL OF CAUSE OF ACTION TO REMAINDERMEN.

Held:  1. A deed of gift, naming the daughters of the grantor as
parties of the second part, and granting to them the land de-
scribed, *habendum* "to have and to hold the property hereby
conveyed to the only proper use and benefit of the said parties
of the second part during their natural lives, and remainder in
fee to their legal issue," passes to the grantor's daughters only
a life estate, with remainder to their children.

2. Where a life tenant conveys the fee, no right of action accrues
to the remaindermen for a recovery of the land from the grantee
until the death of the life tenant, and neither the fifteen nor the
thirty years' statute of limitation begins to run until that time.

B. W. PENICK, ATTORNEY FOR APPELLANT.

1. It is not within the jurisdiction of the county court to create or
divest title to real estate, nor can it adjudicate questions pertain-
ing to title to realty.  Kentucky Statutes, sec. 966, page 450:

2. Limitation does not begin to run against one in remainder or
in reversion, until the right of entry exists in him, which is
not until the termination of the particular life estate.  Section
2505, art. 1, chap. 80, Kentucky Statutes; Francis v. Wood, 81
Ky., 16; 4 Rep., page 616; Mays v. Hanna, 4 Rep., 50; McIlvane
v. Porter, 9 Rep., 899; Cudgel v. Tydings, 10 Rep., 737; Decourcey
v. Dickens, 1 Rep., 260; Woolfolk v. Richardson, 10 Rep., 690;
May v. Scott, 12 Rep., 248; Frayser v. Hutchen, 10 Rep., 871.

3. Under deed at bar, grantees, the four daughters of grantor, held
as life tenants, the children of grantees as remaindermen.  Ken-
tucky Statutes, sec. 2345, chap. 76, page 839.

4. *Habendum* should be resorted to equally with the granting clause,
to arrive at the intention of the maker, and which must govern
when ascertainable.  C. & O. R. R. Co., v. Grffith, 92 Ky., 137;
13 Rep., 443; Clay v. Chenault, 10 Rep., 779; Bodine Adm'r. v.
Arthur, 91 Ky., 53; Baskett v. Sellars, 93 Ky., 3; General Stat-

utes, sec. 7, art. 1, chap. 63; Davis v. Hardin, 80 Ky., 673; Henderson v. May, 82 Ky., 380; Webb v. Holmes, 3 B. M., 404; Rogers v. Payne, 14 B. B., 107; Foster v. Shreve, 6 Bush, 519; Brown v. Ferrell, 83 Ky., 417; Ballard v. L. & N. R. R. Co., Law Rep., 535; White v. White, 9 Ky. Law Rep., 757; Meriwether v. Meriwether, 10 Ky. Law Rep., 669; John v. John, 2 Met., 331; True v. Nichols, 2 Duvall, 547.

5. The estate created in deed at bar is not an estate tail, which by statute is converted into a fee. Brown v. Elzy, 83 Ky., 440; 7 Reporter, 369; Kentucky Statutes, sec. 2345, chap. 76, page 839; Bodine v. Arthur, 91 Ky., 54; Foster v. Shreve, 6 Bush, 532.

D. T. TOWLES AND GARNETT & GARNETT FOR APPELLEE.

1. The granting or conveying clause of the deed, in controversy, is in conflict with the *habendum*. One section of the *habendum*, is in conflict with another section. It is well settled that when there is a conflict between the *habendum* and the granting clause, the *habendum* gives way, and the granting clause prevails.

2. The granting clause, in this deed, vests in the four daughters of the grantor, the fee simple title to the land; the purpose of the *habendum* was to make it the separate estate of the daughters and to prevent it being controlled by their husbands.

3. If the *habendum* is given the effect claimed by the appellants, it creates an estate-tail, which by our statute is converted into a fee simple estate.

4 If the appellant ever had any right of action, it is barred by the statute of limitation of thirty years.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

In 1855, Josiah Jeffries, grandfather of appellants, made and executed a deed of gift to his four daughters, by name, to certain lands in Green county. The granting clause of the deed reads: "That the said party of the first part hath, for and in consideration of natural love and affection for his said children, parties of the second part, granted and given, and do by these presents grant, give, and convey, unto the said parties of the second part, the following property." The *habendum* clause of the deed reads: "To have and to hold the property hereby conveyed to the only proper use and benefit of the said parties of the sec-

ond part during their natural lives, and remainder in fee to their legal issue. The said property is not, in any event, to be subject to the control of the husbands of the said parties of the second part or either of them, but the same is given to the parties of the second part for their separate use and benefit; and, should any one or more of the said parties of the second part die without issue, the survivors. shall have and enjoy the use of said property during their natural lives, but, in the event that one of the said parties should die leaving legal children, the children of such a one is to have her share of said property; and at the death of all the said parties of the second part the said property is to be equally divided among their legal issue, or the issue of such as may leave children," with a reservation in the grantor of the right of control till the second parties arrive at the age of twenty-one years. In 1861, and after the death of Josiah Jeffries, there was a partition had of the lands among the four daughters, and the deeds made accordingly by a commissioner of the county court. The appellants are the children of Melvina Jeffries, daughter of Josiah Jeffries, named in the deed as Melvina Slinker,. widow, and who it is alleged afterwards married W. A.. Jeffries. After the deed of partition was made to Melvina for sixty-six and two-third acres of the land, she, with her husband sold and conveyed the land to Patterson Jeffries, in July, 1867, and the same land was sold and conveyed by Patterson Jeffries and wife to appellee in 1867, by deed in fee, and with clause of general warranty. Melvina Jeffries,. mother of appellants, died March 9, 1893. In November,. 1897, this action in ejectment is brought to recover fifty acres described as being a part of the sixty-six and two-third acres allotted to Melvina in the division, and being a. part of the land deeded to Patterson Jeffries, and from him.

to appellee in 1867. Appellee answered and denied that appellants, under the deed of their grandfather, Josiah Jeffries, derived any title, but alleged that under that deed a fee title passed to each of the four daughters named therein as grantees. The suit for division and deed thereunder was also pleaded in bar, and finally pleaded the statute of three, fifteen and thirty years as a bar to a recovery. The issues arising were tried by the court without a jury, and the court finds that, under the deed of 1855 of Josiah Jeffries, the mother of appellants received title in fee, and also found that the action, if any existed, was barred by time, and rendered judgment dismissing appellants' petition absolutely, and from that judgment this appeal is prosecuted.

We are of opinion from the deed, as copied *supra*, that it is clear that Josiah Jeffries intended to give to his daughters named therein only a life estate, remainder in fee to their children. This being clear and unmistakable from the *habendum* clause in the deed, on the authority of Bodine's Adm'rs v. Arthur, 91 Ky., 53, (14 S. W., 904), and Baskett v. Sellars, 93 Ky., 3, (19 S. W., 9), this must control the whole deed, and under it appellants took the fee in remainder, subject to the life estate of the mother.

It is alleged without denial, that the mother of appellants died in March, 1893. It is well settled that no cause of action arises to a remainder-man for possession during the life of the holder of the life estate. Boone v. Dykes' Legatees, 3 T. B. Mon., 538; Betty v. Moore, 1 Dana, 236; Birney v. Richardson, 5 Dana, 425; King v. Mims, 7 Dana, 273; Davis v. Tingle, 8 B. Mon., 542; Turman v. White's Heirs, 14 B. Mon., 569; Edwards v. Woolfolk's Adm'r, 17 B. Mon., 380; Simrall's Adm'r v. Graham, 1 Dana, 575. In the recent case of Francis v. Wood, 81 Ky., 16, it was held

Jeffries, *et als.*, v. Butler.

that limitation did not begin to run against a remainder-man until the right of entry existed in him, which is not till the termination of the particular estate. In the case of McIlvain v. Porter (Ky.), 7 S. W., 309, 8 S. W., 705, it was held that, where the life tenant conveys the fee, the statuate of limitation does not begin to run till the death of the life tenant. To the same effect is the case of Gudgell v. Tydings, (Ky.), 10 S. W., 466; also Woolfolk v. Richardson, (Ky.), 10 S. W., 320. To the same effect is the case of Bran som v. Thompson, 81 Ky., 387, as well as Frazer v. Hutchison, 10 Ky. Law Rep., 871. These cases all hold that the thirty-year statute, nor, indeed, any other statute applies to a remainder-man, until the death of the life tenant, when the cause of action to the remainder-man first accrues, and we have been unable to find any case in conflict with these. The thirty-year statute applies to persons under disability. Being a remainder-man is not a disability. In the case at bar there arose no cause of action to appellants till the death of their mother, in 1893, and no period of limitation has yet run as will bar their right of action. The three-year statute has no application. Wherefore, for the reasons given, the judgment is reversed, and cause remanded for a new trial, and for proceedings consistent herewith.