## Harrington v. Williams, et al.

(Decided January 30, 1917.)

### Appeal from Shelby Circuit Court.

Joint Tenancy—Adverse Possession—Limitation of Actions.— Where one joint tenant has openly denied the title of his co-tenant and been in possession of and claiming the land himself, exclusive of the co-tenant, for more than thirty years, and his holding of such possession has been so open and notorious against that of the co-tenant as to manifest a repudiation of the latter's right, such holding will be regarded as adverse, and any right the cotenant or his heirs may have had in the land will be barred by both the fifteen-year and the thirty-year statute of limitations.

BEARD & PICKETT for appellant.

BEARD & RIVES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This appeal questions the validity of a judgment of
the Shelby Circuit Court decreeing the sale of 6 acres
and 122 poles of land lying in Shelby county, and also
the sale made of the land under that judgment, at which
the appellant, R. G. Harrington became the purchaser
at the price of $442.14; it being his contention that the
deed directed to be made to him by the circuit court
will not vest in him a good title to the land, his objec-
tion to the sufficiency of the title having been raised by
exceptions filed by him to the report of sale, which were
overruled by the circuit court, the sale confirmed and a
deed ordered to be executed by the commissioner to the
purchaser.

It appears from the record that the land in question
was conveyed in 1868 by George S. Wickersham and
wife to Mary Cannady and John Edwards, persons of
color, jointly, at the price of $465.00; $235.00 of which
was cash in hand paid (presumably half by each of the
grantees), and for the remainder of the consideration
—$230.00—the grantees executed their joint promissory
note, payable twelve months after date, secured by a
lien retained by the deed upon the property; that the
purchasers at once took possession of the land and re-
mained in the joint possession thereof until the death
of John Edwards, which occurred two or three years
later, from which time it remained in the possession of
the other grantee, Mary Cannady, until her death, Jan-
uary 22, 1912. The latter left surviving her a number
of children and grandchildren named in the petition,
who brought this action to obtain a decree for the sale
of the land and division of its proceeds among them
as the heirs at law of Mary Cannady; the sale of the
land being asked upon the grounds of its indivisibility,
and that the share of each heir at law therein was of
less value than $100.00; and such were the grounds
upon which its sale was adjudged by the court.

The exceptions filed by appellant, the purchaser at
the decretal sale, asked that the sale be set aside and
that he be discharged from liability upon the bonds
executed by him to the master commissioner for the
property, because of the fact that John Edwards, to
whom and Mary Cannady the land was jointly con-
veyed, if living, owns an undivided half thereof, or if

dead, such interest is owned by his heirs at law, and that neither Edwards nor his heirs at law were made parties to the action; consequently neither he nor they were divested of the interest in the land acquired by him under the deed from Wickersham.

It is alleged in the petition, and shown by evidence appearing in the record, that the death of John Edwards occurred about forty-two years before that of Mary Cannady, and forty-five years before the institution of this action; that at the time the deed was executed John Edwards was blind, unmarried, and until his death was cared for by Mary Cannady; that he left surviving him neither father, mother, brother, sister, uncle, aunt, niece, nephew or any other relatives, direct or collateral; that Mary Cannady, before his death, and at its maturity, paid the note executed by them to their grantor for the balance of the purchase money due on the land; and from the date of John Edwards' death down to her own death claimed and held possession of the land as the sole owner thereof, such possession being continuous for more than thirty years and adverse to any heirs at law that may have been left by John Edwards, and all others; and that during this time no claim was asserted to the land or any interest therein by any person or persons claiming to be heirs at law of John Edwards.

None of the foregoing facts or the evidence introduced by appellees in support thereof were attempted to be controverted by any evidence in behalf of the appellant, in view of which they must be taken as true.

It is, however, insisted by appellant's counsel that this long possession of the land by Mary Cannady during her life, and that of appellees since her death, must be regarded as amicable to the heirs at law of John Edwards, if any, as their relation to her and the land was that of joint owners or tenants in common.

There would be much in this contention, but for the showing made by the evidence that John Edwards was not survived by any one entitled to inherit his interest in the land as an heir at law. It is true that the possession of a joint owner of land is, as a rule, that of all the tenants in common; but it is also true that a joint tenant may set up, claim and acquire possession adverse to his co-tenants, which will start the statute of limitations to running and ultimately make it a bar. If one tenant

openly denies the title of his co-tenant, and is in possession of and claims the property himself, exclusive of the co-tenant, and his holding of such possession continues fifteen years and is so open and notorious against that of the co-tenant as to manifest a repudiation of the latter's right, the holding will then be regarded as adverse and a bar to the other co-tenant's right of entry. Godsey v. Standifer, 31 R. 44; Gill v. Dewitt, 7 R. 587; Gill v. Fauntleroy's Heirs, 8 B. Mon. 186; Larman v. Huey's Heirs, 13 B. Mon. 238; Shackleford v. Smith, 5 Dana 240; Riggs v. Dooley, 7 B. Mon. 238; Greenhill v. Biggs, 85 Ky. 156; Wilson v. Hoover, 154 Ky. 1.

It would have been the better practice for appellees to have made the unknown heirs of John Edwards parties to the action and have proceeded against them by warning order as permitted by sections 23, 24 and 499, Civil Code of Practice. But it is patent from the facts presented by the record in its present form, if that course had been pursued, the showing of adverse possession of the land maintained by Mary Cannady for more than thirty years before her death, and by the appellees since her death. would have defeated any claim that might have been asserted thereto in behalf of such unknown heirs. It seems to us that the fifteen-year statute of limitations would have prevented the assertion of such right; and in any event, that the thirty-year statute would have been a complete bar, as it declares that: "The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff, or the person through whom he claims by reason of any death or the existence or continuance of any disability whatever." L. & N. R. R. v. Thompson, 105 Ky. 190; Rose v. Ware, 25 R. 947; Bransom v. Thompson, 81 Ky. 387; Dotson v. Dotson, 172 Ky. 641.

It follows from what has been said that the exceptions filed by appellant to the report of sale were properly overruled. Wherefore, the judgment overruling them and confirming the report of sale is affirmed.