## Hargis et al. v. Flesher Petroleum Company et al.

(Decided June 21, 1929.)

TALBOTT & WHITLEY and H. T. BETTY for appellants.

SAM HURST for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action was instituted by Grace Hargis, a granddaughter, and some of the other heirs, of Amanda Helen Hargis, to recover a tract of land located in Lee county and mesne profits accrued thereon. The heirs that did not join as plaintiffs were made defendants. The plaintiffs alleged in the petition that on March 22, 1869, the land in question was conveyed to Amanda Helen Hargis by a fee-simple deed with covenant of general warranty; that she was in possession thereof at the date of her death and had held it as general estate. It further alleged that Amanda Helen Hargis was the wife of James Henderson Hargis, and had not been authorized to act as a feme sole or empowered to dispose of land by will. Amanda Helen Hargis died in 1873, and at the March, 1874, term of the Lee county court a paper purporting to be her will was probated. The will provided:

"First: I do hereby make and appoint James H. Hargis, my husband, my executor and that he shall not be required to give any bond.

"Second: I hereby authorize and direct him at his own will and pleasure to sell any lands or other property that I now own and apply the proceeds in

any way or manner he may seem fit after paying any just debts that I owe—and leave all the lands and property that I now own at his disposal and give all right and title to the same and full and complete power to make title to the same which shall have full force and effect and be binding as though I had done the same myself. I make this my last will and testament and trust that he will maintain and educate my dear children and he believing it to their interest.''

The petition charged that the will was void under the statute then in effect, which permitted a married woman to make a will of any estate secured to her separate use by deed or devise, or in the exercise of a written power, but not otherwise. General Statutes 1888, p. 1280, c. 113, sec. 4; Payne v. Pollard, 3 Bush, 127; Mitchell v. Holder, 8 Bush, 362; Crains v. Edwards, 92 Ky. 114, 17 S. W. 212, 13 Ky. Law Rep. 499. The plaintiffs averred that notwithstanding the fact that the will was void, the devisee, James Henderson Hargis, in his lifetime and ''as though he were the owner of said tract of land under the will of his wife,'' undertook to convey the land to the St. Helens Land, Coal & Iron Company. The deed exhibited was dated May 17, 1887, and purported to convey the fee, giving the grantor's source of title as follows: ''And being the same tract of land conveyed by K. F. Hargis and wife to Amanda Hargis by deed dated March 22, 1869, and *by her devised to said James H. Hargis, party of the first part herein, by her last will and testament,* and the same land lying within the tract known as the McGuire tract and originally a part thereof, lying near to and adjoining the land of John S. Powell.'' That deed contained a covenant of general warranty, and was, on July 2, 1887, lodged for record and recorded. By a series of conveyances of similar purport the land came to the defendants now in possession thereof. The various vendees have been in the exclusive and entire possession of the land, exercising all the rights of ownership, from the date of the deed to the present time. The grantor, James Henderson Hargis, was in like possession and control from the time the will was probated until he conveyed the land. The timber was taken off, portions of the surface were sold to various vendees, clearings were made, homes were built on the land, and minerals were extracted from it. The children were all of age when the deed was made, and some, if not all, of

them knew the facts from the beginning. Some of the children, perhaps all but one, were of age when the will was admitted to probate. There was testimony that the father had advised some of the children of his intention to sell the land, and of the fact that it had been sold. James Henderson Hargis died in 1912, and on January 31, 1920, this action was commenced. The answer consisted of a traverse of the allegations of the petition and a plea of the statute of limitations. The circuit court gave a peremptory instruction to find for the defendants, and the plaintiffs have prosecuted this appeal.

The position of the plaintiffs is that the will of the married woman was void and vested no rights in the devisee; but as the devisee was the surviving husband, and entitled to a life estate as a tenant by curtesy (Rose v. Rose, 104 Ky. 48, 46 S. W. 524, 20 Ky. Law Rep. 417, 41 L. R. A. 353, 84 Am. St. Rep. 430), he and his vendees, immediate and remote, were entitled to possession of the land during his life. It is claimed that the heirs of Mrs. Hargis took a remainder interest, subject to the life estate of the surviving husband, and that no limitation started against them until the death of the life tenant in 1912. The position of the defendants is that, even though the will was void, the devisee named therein asserted its validity, caused it to be probated, did not renounce its provisions or claim any estate by curtesy, but specifically and publicly claimed the whole title under and by virtue of the will. They insist that such holding was adverse, and started the statute of limitations against the heirs, and barred their remedy long before this action was begun.

There is an established rule that a life tenant holds amicably with the remainderman, and indeed for him, and no limitation runs against the remainderman until the death of the life tenant. Jeffries v. Butler, 108 Ky. 531, 56 S. W. 979, 22 Ky. Law Rep. 226; May v. Chesapeake & O. R. Co., 184 Ky. 504, 212 S. W. 131; Phillips v. Williamson, 184 Ky. 396, 212 S. W. 121. We have another series of cases holding that when a life tenant, who has no other interest or claim to the property except his life estate, attempts to convey the fee, only his life estate passes by the attempted conveyance, and the statute of limitation does not start against the remainderman so long as the life tenant survives. McIlvain v. Porter, 7 S. W. 309, 8 S. W. 705, 9 Ky. Law Rep. 899; Jeffries v.

446

Butler, 108 Ky. 535, 56 S. W. 979, 22 Ky. Law Rep. 226; Webber v. Gibson, 8 Ky. Law Rep. 125; Id., 13 Ky. Op. 603; Bransom v. Thompson, 81 Ky. 387; May v. Chesapeake & O. R. Co., 184 Ky. 493, 212 S. W. 131.

The opinion in Rose v. Ware, 115 Ky. 320, 74 S. W. 188, 24 Ky. Law Rep. 2321, is apparently to the contrary, where, on rehearing, the case of Bransom v. Thompson, 81 Ky. 387, 76 S. W. 506, 25 Ky. Law Rep. 947, is expressly overruled. Yet the overruled case was cited again in Dukes v. Davis, 125 Ky. 313, 101 S. W. 390, 30 Ky. Law Rep. 1348. The exigencies of the present case do not require us to consider or determine the true application or operation of the principle involved in that line of cases. There is another principle applied in a long and unbroken line of well-considered cases that is fatal to the claim of plaintiffs in this action. That principle applies when the life estate and the remainder interest are both acquired, and the whole title is adversely claimed; for then the statute starts against the owner of the remainder interest, even though the act or instrument under which the remainder estate was acquired may have been ineffectual or void. An heir is concluded by the conveyance or conduct of the ancestor under whom he claims. The heir must stand in the shoes of the ancestor, and any act of the ancestor affecting the rights of others must be treated and given effect as if it was the act of the heir. Foust v. Hill, 215 Ky. 366, 285 S. W. 235; Wooton v. Murrell, 134 Ky. 40, 119 S. W. 191. When a remainderman, or his ancestor, under whom he asserts a derivative right, and with whom he is in privity by blood, undertakes to transfer title to real estate, whether by will, contract, or otherwise, but fails for any reason to make a valid or effectual conveyance, and possession is held thereunder for the statutory period, the remainderman's right to recover the land is barred. The statute starts when the possession begins under the void or ineffectual will, deed, contract, or other instrument, or act, which affords the basis of the claim and the predicate for the possession, and the bar is complete when the fixed times expires. The reason for the rule is that when the possession, which is open, notorious, and adverse, is referable to an act of, or predicable upon an attempted transfer by, the ancestor, or the owner of the remainder interest itself, it may not be reconciled with the holding of a life estate alone, but constitutes notice of an adverse claim to the title. The same reasoning underlies the rule

that notice, actual or constructive, to a joint tenant or remainderman that a cotenant or life tenant is holding adversely, starts the statute of limitation against him. Com. v. Gibson, 85 Ky. 666, 4 S. W. 453, 9 Ky. Law Rep. 205; May v. Chesapeake & O. R. Co., 184 Ky. 493, 212 S. W. 131; Gilbert v. Kelly, 57 S. W. 228, 22 Ky. Law Rep. 353; Greenhill v. Biggs, 85 Ky. 156, 2 S. W. 774, 8 Ky. Law Rep. 825, 7 Am. St. Rep. 579; Godsey v. Standifer, 101 S. W. 921, 31 Ky. Law Rep. 47; Bloom v. Sawyer, 121 Ky. 308, 89 S. W. 204, 28 Ky. Law Rep. 349; Holmes v. Lane, 136 Ky. 21, 123 S. W. 318; Padgett v. Decker, 145 Ky. 227, 140 S. W. 152; Mounts v. Mounts, 155 Ky. 370, 159 S. W. 818; Harrington v. Williams, 173 Ky. 578, 191 S. W. 273; Bates v. Adams, 182 Ky. 100, 206 S. W. 163; Potter v. Wallace, 185 Ky. 528, 215 S. W. 538.

The void act of the remainderman or his ancestor must be treated as notice that the possession is traceable to that act, and is maintained upon the assumption and assertion that it is valid. Such possession is adverse, and not under the life tenant alone. Com. v. Clark, 119 Ky. 85, 83 S. W. 100, 26 Ky. Law Rep. 993, 9 L. R. A. (N S.) 750. If an act of that character is ever to be assailed in court as invalid or void, it must be done within the time fixed by the statute of limitations. It comports with the policy of the law to require such rights to be asserted while a remedy on the warranty may be of value, and before the evidence has suffered the ravages of time. Alley v. Alley, 91 S. W. 291, 28 Ky. Law Rep. 1075; Wooton v. Murrell, 134 Ky. 40, 119 S. W. 191. The doctrine has been applied in a variety of cases arising under varying circumstances. It has been held that the will of a married woman, otherwise inoperative, is competent to prove how the devisee held the title, and that his holding was in his own right and adverse to all the world (Stegal v. Brooke, 2 Ky. Op. 193); that a verbal sale of land, although void, started the statute of limitations, which was not suspended by the existence of a life estate that had been acquired and merged with the claim of title under an oral purchase (Medlock v. Suter, 80 Ky. 101); and that a void power of attorney had the same effect (Bransom v. Thompson, 81 Ky. 387). So, also, under void title bonds executed by married women (Mantle v. Beal, 82 Ky. 122, Hawes v. Kirk, 35 S. W. 1032, 18 Ky. Law Rep. 215); a defective certificate of acknowledgment (Brown v. Swango, 28 S. W. 156, 16 Ky. Law Rep. 381); an oral gift or exchange of land (Spradlin v. Spradlin,

18 S. W. 14, 13 Ky. Law Rep. 723; Wooton v. Murrell, 134 Ky. 40, 119 S. W. 191); a void deed (Bradley v. Burgess, 87 Ky. 648, 10 S. W. 5, 10 Ky. Law Rep. 701; O'Dell v. Little, 82 Ky. 146); a void executory contract (Webber v. Gibson, 8 Ky. Law Rep. 125; Id., 13 Ky. Op. 603); a void judgment (Baseman v. Batterton, 1 Dana, 432); and a merger under a void deed of the remainder interest with the life estate (Dotson v. Dotson, 172 Ky. 647, 189 S. W. 894).

In Tucker v. Price, 29 S. W. 858, 17 Ky. Law Rep. 11, there was a life estate derived from a dowress and the remainder interests were acquired by void contracts as to some and void deeds as to others. It was held that the existence of a life estate did not intercept the operation of the statute of limitations, but that the remaindermen were barred at the time fixed by statute after the execution of the void instruments. In Watkins v. Pfeiffer, 92 S. W. 562, 29 Ky. Law Rep. 97, it is held that the period within which an action for the recovery of real property may be brought shall not be extended beyond thirty years, and the court said: "Ordinarily, during the continuance of a life estate, the statute does not run against the remaindermen; but, as the daughter and her trustees held a fee-simple estate, the statute commenced to run at the time the original purchaser, through whom appellant claims, took possession, and continued to run until after the expiration of 30 years, when it ripened into an indefeasible title." Cf. Com. v. Clark, 119 Ky. 85, 83 S. W. 100, 9 L. R. A. (N. S.) 750. In Bradley v. Burgess, 87 Ky. 648, 10 S. W. 5, 10 Ky. Law Rep. 701, a deed was made from a husband and wife, purporting to convey the wife's title, but it was ineffectual for that purpose. The court held that when they undertook to convey an absolute title, and not merely the husband's life estate, and the purchaser took possession thereunder, the statute of limitation began to run. Cf. New Domain Oil & Gas Co. v. Gaffney Oil Co., 134 Ky. 792, 121 S. W. 699. In Butler v. McMillan, 88 Ky. 414, 11 S. W. 362, 11 Ky. Law Rep. 23, it was held that, where the husband alone conveyed his life estate, the wife, or her heirs, would not be barred until the death of her husband; but where *the wife united in the sale by the husband although by a void act,* adverse possession began, the statute started to run, and the existence of the life estate was immaterial.

The case of Webber v. Gibson, 8 Ky. Law Rep. 125 Id., 13 Ky. Op. 603, affords an apt and effective illustra-

tion of the operation of the principle. In that case two remaindermen sued to recover land from a vendee who held possession under a void title bond. One of the remaindermen had signed the void title bond, and the other had not done so. As to the one that had signed the court said: "Mrs Shirley, having united in the sales made more than 30 years before the bringing of this suit, is not entitled to recover under the ruling in the cases of Medlock v. Suter, 80 Ky. 101; Bransom v. Thompson, 81 Ky. 387, and Mantle v. Beal, 5 Ky. Law Rep. 889 (82 Ky. 122)." As to the one that had not signed the court said: "Mrs. Webber did not, however, unite in the sales of her interests in the land, and, they having been made prior to 1846, the husband had a right to sell his life estate; and although the bond purported to convey the fee, yet as every grant is effective to the extent of the grantor's rights it was sufficient to pass his life estate; and until his death the wife, as in the case of a remainderman, could not sue; and as he died within less than three years prior to the bringing of this action, she is entitled to recover unless there is some other legal obstacle in her way." See, also, Boggess v. Crail, 224 Ky. 97, 5 S. W. (2d) 906. The doctrine is thoroughly established and fortified by many decisions that when the remainder estate is conveyed, even though by a void instrument, the statute is immediately put into operation and bars the remainderman when it matures. Bankston v. Crabtree C. M. Co., 95 Ky. 455, 25 S. W. 1105, 16 Ky. Law Rep. 15; Mantle v. Beal, supra; Louisville & N. R. Co. v. Thompson, 105 Ky. 194, 48 S. W. 990, 20 Ky. Law Rep. 1110.

But it may be suggested that the heirs could not recover the property during the life of a tenant by the curtesy, and for that reason the statute did not run against them. Stillwell v. Leavy, 84 Ky. 379, 1 S. W. 590, 8 Ky. Law Rep. 321; Francis v. Wood, 81 Ky. 16; Walker v. Milliken, 150 Ky. 12, 150 S. W. 71, Ann. Cas. 1914C. 742; James Henderson Hargis did not claim his rights as a tenant by the curtesy. He asserted a title as devisee under the will. He could not claim under and against the will of his wife (McIlvain v. Porter, 7 S. W. 899, 8 S. W. 705, 9 Ky. Law Rep. 901; George v. Bussing, 15 B. Mon. 558; Dawson v. Hayes, 1 Metc. 460; Demarest v. Allen, 189 Ky. 32, 224 S. W. 458; Lossie v. Central Trust Co., 219 Ky. 1, 292 S. W. 338; Cavin v. Little, 213 Ky. 482, 281 S. W. 480); but he had a right of election to take title under the will, or curtesy under the law, and

his acceptance of the devised estate operated as a renunciation of his right to a life estate by curtesy (Demerest v. Allen, supra; Wallace, v. Wallace, 149 Ky. 636, 149 S. W. 988; Bains v. Globe Bank and Trust Co., 136 Ky. 332, 124 S. W. 343, 136 Am. St. Rep. 263; Pike County v. Sowards, 147 Ky. 43, 143 S. W. 745; Morrison v. Fletcher, 119 Ky. 488, 84 S. W. 548, 27 Ky. Law Rep. 124; Commonwealth v. Clark, 119 Ky. 85, 83 S. W. 100, 26 Ky. Law Rep. 993; Morgan v. Christian, 142 Ky. 14, 133 S. W. 982; Jarboe v. Hayden, 133 Ky. 378, 117 S. W. 961).

In any event, when his interest is adversely held, the remainderman must sue within the time allowed by the statute of limitations to vindicate his right and to establish the character of interest which he claims. Bankston v. Crabtree Coal Mining Co., 95 Ky. 455, 25 S. W. 1105, 16 Ky. Law Rep. 15. In Alley v. Alley, 91 S. W. 291, 28 Ky. Law Rep. 1075, the remaindermen instituted an appropriate action to extinguish an adverse claim, and the question was raised that their cause of action had not accrued because the life tenant was living. The court said: "The only remaining question for disposition is whether or not the remaindermen can maintain this action during the life of their mother, the original life tenant. Their right so to do has long since been settled in this state. In . . . Simmons v. McKay, 5 Bush, 32, the court said: 'In the aspect of the case as presented, therefore, it seems that appellants are entitled to an undivided moiety of said 180 acres of land, the possession of which to be postponed until the death of the life tenant; and they had a right to maintain their suit in equity, to establish their claim, and to be placed in a condition to make it available when the time should arrive at which they would be entitled to the use of the estate.' "

In Treadway v. Pharis, 90 Ky. 663, 14 S. W. 909, 12 Ky. Law Rep. 639, it was held that, although the remaindermen could not recover possession of the land during the lifetime of their father, there was nothing to prevent the institution of an action to set aside the deed and change the character of his claim and possession from that of absolute ownership to that of a tenant by the curtesy. The law of limitation was applied in the case of Com. v. Clark, 119 Ky. 85, 83 S. W. 100, 26 Ky. Law Rep. 993, upon that very ground. In Elam v. Alexander, 174 Ky. 39, 191 S. W. 666, and Frey v. Clark, 176 Ky. 662,

197 S. W. 414, it is held that, when the life tenant repudiates the rights of the remainderman, it constitutes slander of the title, and casts a cloud thereon, justifying the remaindermen in instituting an action, and warranting the court in granting such relief as will fix his rights and protect his interest in the property. To the same effect is Simmons v. McKay, 5 Bush, 32; McCormack v. Woods, 14 Bush, 78; L. & N. R. Co. v. Thompson, 105 Ky. 190, 48 S. W. 990, 20 Ky. Law Rep. 1110; Shutt v. Shutt, 192 Ky. 98, 232 S. W. 405; Sparks v. Albin, 195 Ky. 57, 241 S. W. 321. The action may be one to quiet the endangered title of the remainderman. In cases of that character or class the possession of the life tenant is in contemplation of law, the possession of the remainderman. Alley v. Alley, 91 S. W. 291, 28 Ky. Law Rep. 1073; Elam v. Alexander, 174 Ky. 39, 191 S. W. 666; Frey v. Clark, 176 Ky. 662, 197 S. W. 414; L. & N. R. Co. v. Thompson, 105 Ky. 190, 48 S. W. 990, 20 Ky. Law Rep. 1110; Packard v. Beaver Valley Land & Mining Co., 96 Ky. 249, 28 S. W. 779, 17 Ky. Law Rep. 451; Engle v. Bond Foley Lumber Co., 173 Ky. 36, 189 S. W. 1146.

When the ancestor of these plaintiffs died leaving a will which purported to convey the fee-simple title, and the devisee proceeded to have the will probated and claimed the land, not as a tenant by the curtesy, but as absolute owner, their cause of action then accrued. When it was not instituted within the period fixed by the statute of limitations, it could not be maintained thereafter. The will was an act of the ancestor, albeit a void one, which was made the basis of a claim of the entire estate adverse to the heirs. It was not valid at first, but it purported to be effectual, and at the end of the statutory period the title passed to the vendee in possession. Mantle v. Beal, 82 Ky. 126. (The interested reader is referred to a review of the case by L. N. Dembitz in 6 Ky. Law Rep. 4.) The fact that the will was void gave rise to a cause of action, but the parties affected by that will, and who had a right to question it, could not wait 46 years and disregard all that had been done under it.

A brief quotation from an opinion of this court is pertinent: "The proposition that the trustee of an express trust cannot throw off his allegiance to his beneficiary, and acquire a right to the trust property, by adverse holding, for the period prescribed by the statute

452

of limitation, unless his acts in that regard are so open and notorious as to take notice home to the beneficiary, is not denied. But the case here does not come within that rule. Here Mrs. Fleming, as the deed shows, believed that she had the right under the will to sell the land. She did sell it by deed of record. She disposed of it, as she believed she had the right to do. The rights of the beneficiaries were immediately affected by it. It was their duty, therefore, to look after their interest, and to take immediate action when their rights under the will were violated." Stillwell v. Leavy, 84 Ky. 385, 1 S. W. 593, 8 Ky. Law Rep. 321. "There always comes a time when the best of rights will, by reason of neglect, pass beyond the protecting reach of the hands of equity, and the present case fully illustrates that proposition." Moran v. Horsky, 178 U. S. 205, 20 S. Ct. 856, 44 L. Ed. 1038, Wooton v. Murrell, 134 Ky. 45, 119 S. W. 191.

Notice was brought home to plaintiffs and those under whom they claim by the probate of the will, by the recordation of the deed from James Henderson Hargis showing his absolute reliance upon the will (Com. v. Clark, 119 Ky. 85, 83 S. W. 100, 26 Ky. Law Rep. 993, 9 L. R. A. (N. S.) 750), and by the character of use made of the land by the vendees. We cannot see that more effective notice could ever be brought home to claimants, actual or potential. Godsey v. Standifer, 101 S. W. 921, 31 Ky. Law Rep. 44. Even under the cases holding that a life tenant may claim adversely to the remainderman, where notice is brought home to him, the plaintiffs in this case would be precluded from recovery of the land.

An interesting question respecting the admission of certain evidence is made, but the conclusion we have reached renders it unnecessary to determine it.

The judgment of the circuit court is affirmed.

Whole court sitting.

CHIEF JUSTICE MCCANDLESS (CONCURRING).

I think the evidence establishes an adverse holding upon the part of appellee for more than the statutory period of limitation and concur in the conclusions upholding its title to the land in controversy. This is predicated on the facts that when James H. Hargis conveyed the fee in the land to the St. Helen's Land, Coal & Iron Company on May 7, 1887, by deed in which the will of

Amanda Hargis was referred to as the source of title and placed his grantee in possession, both parties to that deed asserted a title and possession adverse to that of the remainderman, and thereby the statute of limitation was started against them. But I cannot agree with that part of the opinion which holds that the mere probate and recordation of the will of Amanda Hargis, together with the occupancy of the land by James H. Hargis is in itself sufficient evidence to establish an adverse holding upon the part of James Hargis. I fear the view thus expressed in the majority opinion may produce confusion in our decisions and for that reason feel impelled to dissent from such holding. It is a well-established rule that the possession of a life tenant is amicable to the remainderman. Fish v. Fish, 184 Ky. 700, 212 S. W. 586; Shutt's Admr. v. Shutt's Admr., 192 Ky. 98, 232 S. W. 405; Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575. And this cannot become adverse to the remainderman during the life of the life tenant unless he brings home to the remaindermen by clear and convincing evidence notice of his intention to claim the fee. Bates v. Adams, 182 Ky. 100, 206 S. W. 163; Phillips v. Williamson, 184 Ky. 396, 212 S. W. 121; Russell v. Tipton, 193 Ky. 305, 235 S. W. 763. It is true that the probate and recordation of the will of Amanda Hargis in which she undertook to devise the land in fee to her husband created a cloud upon the title of the children (remaindermen) and no doubt they could have filed suit to have it declared void. However, being void it could not improve with time, and the children could safely ignore its recordation until such time as title was asserted under it. Even if the husband and father, James H. Hargis relied on the will, unless he was also actually claiming and holding the property by adverse possession, such color of title would be of no avail. Hence, I can see no force in the suggestion that the rights of the remaindermen were affected by the acts of their mother in the execution of the will, nor do I think the facts sufficient to show that James Hargis was so claiming and holding possession. It is true that he was named as devisee in a void will, but he was also the rightful tenant by curtesy in his wife's lands. In view of this situation the probate of the will might imply an intention to claim thereunder, and if he had made any assertion or declaration of a claim to the fee or acted in such a manner as to clearly show that he was so claiming, the conclusion of an adverse holding ought to be reached. This however was not the case and in view of the fact that he had a

life estate and a legal right to the occupancy of the land as tenant of the curtesy, but no right to the fee; and in the absence of any such suggestions as above made, I do not see how it can be said that the evidence of notice to the children that he was claiming adversely to them is clear and convincing. True, as argued by appellee the remaindermen might have brought suit to remove the cloud from their title by declaring the will void, but unless and until they were notified that James H. Hargis was claiming adversely to them by reason of the will, there was no necessity for them to do this. For illustration: Suppose that at the expiration of more than fifteen years from the probate of the will James H. Hargis had brought suit to quiet his title, alleging that he had acquired title by adverse possession under the color of title, and that the children were asserting title in the remainder. Can it be thought for a moment that any court would hold that the facts above stated constitute clear and convincing evidence that he was claiming the ownership of the land in fee and had brought notice of this claim to the remaindermen? Certainly not, and if not, the same rule must apply in this case. Lack of time prevents me from referring specifically to the imposing number of cases cited in the majority opinion, but when analyzed I believe that not a single one will be found to conflict with the views herein expressed.

Judge Dietzman authorizes me to say that he concurs in this opinion.