Judge Crensiiaw
delivered the opinion of the Court.
Clifton R. Ferguson, on the 28th day of September, 1847, made a will by which he devised “to Mary Baker Didlake and her children,” a tract of land in the county of Fayette. At the time of this devise, the devisee was unmarried, and without children. She has since married and has one child, and her husband, Carr, having sold the land to Estill,'and his wife being willing to unite with him in conveying the land, the question is presented whether Carr and wife can convey an absolute fee simple estate in the land to the purchaser.
It is stated in Powell on Devises, 494, as a rule ©f construction in England that where lands are devised to a person and his children, and he has no children at the time of the devise, the parent takes an estate tail. By our law an estate tail is converted into a fee simple; so that this rule of construction would give to Mary Baker Didlake an absolute fee in the land, and any children which she might thereafter have would be cut off, and could take no interest under the devise. This English rule of construction was adopted in order to effectuate the intention of the testator. For, as it is said, “the intent is manifest and certain that the children should take, and as immediate devisees they cannot take, because they are not in rerum natura, and by way of remainder they cannot take, for that was not his intent, for the gift is immediate, and therefore such words shall be taken as words of limitation.” Now, although, the words abstractly and literally import an immediate gift, not only to the devisee in esse but to his or her children also; yet if there be no children at the time, does it necessarily follow, as seems to have been supposed, that it was not the'testators intent thatthe children should take by way of remainder? We think not. But whatever may have been the legitimacy of such a conclusion in England, where in general more precision and particularity were observed in the creation of remainders than, in this *313 country, we are of opinion, that with us it does not necessarily follow, that because the words literally and abstractly import an immediate gift, it was not the intention of the testator to give a remainder interest to the children. In general, the word “children” is a word of purchase and not of limitation, and as it was acknowledged by the jurists of England that the word, in its present connection, manifested a certain intent on the part of the testator, that the children should take under the devise, and as they would do so there, if the word were construed to be a word of limitation, and not a word of purchase, it was natural and easy for the English judges to make an exception to the general acceptation of the words, and so construe it as to render the estate devised an estate tail; and as this was a convenient mode of giving effect to the intention of the testator, the courts of England adopted it, without perhaps bestowing much consideration on the question, whether the testator might not have intended to give a life estate to the person in esse, remainder to the children, which might equally have effectuated his intention. However this may be, it is clear that they adopted their rule of construction to promote the intention of the testator. And our law having converted estates tail into absolute fee simple estates, it is equally clear that if we adopt the same rule of construction, the acknowledged intention will be frustrated and defeated, as the children could then take nothing under the devise. In order, therefore, to effectuate the acknowledged and manifest intent of the testator, it is obvious that a different rule of construction must be resorted to in this state.
A testator de: vised to “Mary Baker Didlake and her children” a tract of land. At the time of the devise the devisee, Mary, had no children; she afterwards had one child: Held, that Mary B. Didlake took an estate for life, and the child the remainder.
*313 It has been observed that the words of the devise, abstractly and literally, import an immediate gift not only to the devisee in being, but to those not in being. • But there being no children in esse at the time of the devise, it could not have been the intention to give an immediate estate to them, for that *314 were impossible. And as the words of the devise, as conceded by all the authorities, manifest a clear intent that the children shall take, the only consistent and rational construction is, that the testator intended the devisee, in being at the time, should take a life estate, remainder to the children. A slight change in the phraseology of the devise will manifest the propriety of this construction. Suppose the testator had used the words, “to Mary Baker Didlake and the children she may bear,” (which was obviously his meaning,) would it not be clear that, as there were no children in being at the time, and might not be at his death, he intended to vest an immediate estate in Mary Baker, and a future one in her children.
It necessarily results that as the children must take under the devise, if effect is given to the intent, and as it is impossible for them to do so in presentí, they must take in futuro. The reason of the English rule of construction failing in this state, the rule itself must fail, and the necessity is imposed upon us of resorting to a different rule of construction to carry out the intention of the testator. And the construction which we have given to the words of the devise is, as it appears to us, rational and natural. The mother, and also the children she might have, being objects of the testator’s bounty, and there being no children in esse at the time of the devise, who could take jointly with the mother according to the literal import of the devise, we conclude that the intent was to give the mother a life estate, and the remainder to the children.
Wherefore, the judgment is affirmed.