Case 52—Action by Julia McFarland and Husband Against Roland Hatchett &c., to Recover an Interest in Land and for Rents, &c.—June 1.

# McFarland, &c. v. Hatchett, &c.

APPEAL FROM HENDERSON CIRCUIT COURT—J. W. HENSON, CIRCUIT JUDGE.

From the Judgment Plaintiff Appeals. Reversed.

Deed—Construction—"Children" as a Word of Purchase.

> In a deed, the consideration of which was paid by H., and the parties to which were R., of the first part, and H., of the second part, the words "and her children" in the granting and habendum clauses to "H. and her children," will be construed to be words of purchase, so that H. will take a life estate only, and her children the remainder.

W. P. McCLAIN, ATTORNEY FOR APPELLANTS.

1. The abolishment of the rule in Shelly's case, both by legislative enactment and judicial decision, clearly evinces the intendment to give to ordinary language its proper meaning, and to emphasize the fact that the word "children," or similar words, though sometimes alternating with the word "heirs," and are used synonymously with the words "heirs," "issue" or "descendants," when from the context it clearly seems to have been used in that sense; yet this court long ago declared that they were words of purchase, and when a conveyance is made to a woman and her children the potentiality of the word "children" must be recognized, and, though they be not parties to the deed, and therefore not capable of taking *in presenti*, yet they may take *in futuro* or by way of remainder. Turner v. Patterson, 5 Dana, 295; Turman v. White's Heirs, 14 B. Mon., 457 (Rule in Shelly's Case). "Children" sometimes used as synonymous with "heirs." Hood v. Dawson, 98 Ky., 286; Moran v. Dillehay, 8 Bush, 434.

2. We submit that where both in the granting clause and in the habendum of a deed the property was conveyed to Sarah Hatchett and "her children," the mother takes a life estate therein, and her children the estate in remainder. D. W. Foster v. Shreve, 6 Bush, 524; Webb & Harris v. Holmes, &c., 3 B. Mon., 404; Bodine's Admr. v. Arthur, &c., 91 Ky., 56; Henderson, &c., v. Mack, 82 Ky., 380.

LOCKETT & LOCKETT, for appellees.

### POINTS AND AUTHORITIES.

1. The deed in question invested Sarah Hatchett with the fee. Viley v. Frankfort Railway, &c., 21 Ky. Law Rep., 250, 51 S. W., Rep., 173; Moran v. Dillehay, 8 Bush, 434; Hood v. Dawson, 98 Ky., 285.

2. Appellee, her surviving husband, is entitled to the lot in controversy during his life, the title in his wife having vested prior to the Married Woman's Act of March, 1894, abolishing estates by curtesy. 71 Ky., p. 440; 55 Ky., p. 309; 91 Ky., p. 53.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellants sued Roland Hatchett, alleging that Sarah Hatchett, who was the mother of appellant Julia McFarland and appellee Madison Hatchett, owned a house and lot in Henderson, Ky., for life, and that her children owned the fee in remainder; that Sarah Hatchett died some two years before the institution of this action, and that appellee, Roland Hatchett had been in possession of this property, and owed her and her brother rent from the date of her mother's death to the institution of this action; that the property was not susceptible of division; and prayed judgment for rent against Roland Hatchett, and for a sale of the property for a division of the proceeds. Appellee, Roland Hatchett demurred to the petition. His demurrer was sustained. Appellant declined to amend, and the petition was dismissed, with costs. The circuit court decided that Sarah Hatchett had a fee simple in the property, and that appellee, her husband, Roland Hatchett, had an estate by the curtesy in it for life. The deed to Sarah Hatchett was made prior to the passage of the married woman's act in 1894, and their marriage occurred long prior to the passage of this act, and if, under the deed, Sarah Hatchett took a fee simple title, then the court was right in adjudging Roland Hatchett an estate by the curtesy. See Rose v. Rose, 104 Ky., 48, 20 R., 417,

46 S. W., 524, 41 L. R. A., 353, 84 Am. St. Rep., 430, and Mitchell v. Violett, 104 Ky., 77, 20 R., 378, 47 S. W., 195. The question to be determined is whether, under the deed to Sarah Hatchett for this land, she took a fee simple title or only life estate. If she took the fee, the judgment must be affirmed; if only a life estate, a reversal must follow. · The deed to Sarah Hatchett for this lot was filed with and made a part of appellant's petition, and such parts of it as are necessary to elucidate the question involved are as follows: "This indenture made and entered into this 20th day of October, 1883, by and between W. P. Robinson and Jennie Robinson, his wife, of the first part, and Sarah Hatchett (colored), wife of Roland Hatchett (colored), of the second part, and all of Henderson county, Ky., witnesseth: That for and in consideration of the sum of sixty dollars in hand paid the receipt of which is hereby acknowledged, and the note of the party of the second part executed and delivered to the party of the first part for the sum of sixty-five dollars due six months after date and bearing six per cent. interest, the party of the first part sells and hereby conveys to said Sarah Hatchett and her children a certain lot of ground situated in the city of Henderson (here describing the property). To have and to hold to her, the said Sarah Hatchett and her children, with covenant of general warranty." The word "children" is a word of purchase, and not of limitation, and therefore, where property is devised or conveyed to a woman and her children, the children take as joint tenants with the mother, where there is nothing to show a contrary intention. Turner v. Patterson, 5 Dana, 295; Cessna v. Cessna's Adm'r, 4 Bush, 516; Powell v. Powell, 5 Bush, 620, 96 Am. Dec., 372; and Bell v. Kinneer, 101 Ky., 271, 19 R., 545, 40 S. W., 686, 72 Am. St. Rep., 410. But where there are other words in the

will or deed showing that the word "children" was used in the sense of "heirs"—as where they are followed by the word "forever," and in other parts of the instrument the words "children" and "heirs" are used interchangeably, the term "children" will be read as meaning "heirs," and construed as a word of limitation, and not of purchase. This construction is adopted only to effectuate the intention of the maker when there is enough on the face of the instrument to show that he used the word "children" in the sense of "heirs." Moran v. Dillehay, 8 Bush, 434; Hood v. Dawson, 98 Ky., 285, 17 R., 880, 33 S. W., 75; Lachland's Heirs v. Downing's Ex'rs, 11 B. Mon., 32; and Williams v. Duncan, 92 Ky., 125, 13 R., 389, 17 S. W., 330. On the other hand the word "heirs" will be read as synonymous with "children," and construed as a word of purchase, when necessary to effectuate the intention of the grantor in the deed. Tucker v. Tucker, 78 Ky., 503; Harper v. Wilson, 2 A. K. Marsh., 465. An exception to the above rule has been made in the case of a deed or will from the husband to his wife and children. These cases are held to constitute a peculiar class, and in such cases it is held that the wife takes the property for life, with remainder to the children. Fletcher v. Tyler, 92 Ky., 145, 13 R., 421, 17 S. W., 282, 36 Am. St. Rep., 584; Smith v. Upton, 13 S. W., 721, 12 Ky. Law Rep., 28; and Davis v. Hardin, 80 Ky., 672, 1 R., 165. Where the woman has no children when the deed or will is made, and it is made to her and her children, she takes the life estate, with remainder to her after-born children. Carr v. Estill, 16 B. Mon., 309, 63 Am. Dec., 548; Bodine's Adm'rs v. Arthur, 91 Ky. 55, 12 R., 650, 14 S. W., 904, 34 Am. St. Rep., 162. This court, in the case of Webb and Harris v. Holmes, 3 B. Mon., 404 construed a deed similar to the one before us. The children in that case were not named as parties to

the deed, but were named in the granting and habendum clauses. The court said: "This is a deed *inter partes* in which Crist and wife are named parties on the one side and Sarah Thomas and her husband on the other. The children are not parties, nor are they named as such in the caption of the deed, which, by the designation of the parties, is intended to confine the deed to those who are named, in exclusion of all others as contracting parties. And as a stranger, who is not a party to a deed, can derive no legal interest under it, or maintain covenant on it, so it is well established that those who are not parties to a deed can take no present interest under it; . . . but those who are not parties may take by way of remainder. So, to give to the deed operation at all as to the children, they must be construed to take in remainder only, as they can not take a present joint interest with their mother. And surely such a construction should be given to the deed as to give some beneficial interest to the children, as they were clearly intended to be provided for. By giving to them an estate in remainder in fee to take effect after the life of their mother, they all may be provided for; not only those who are born before, but those who are born after, the date of the deed; . . . and it may be fairly presumed that it was as much the object of the donor to provide for after-born children as those that were born before the date of the deed." To the same effect are the cases of Foster v. Shreve, 6 Bush, 521, and Baskett v. Sellars, 93 Ky., 3, 13 R., 909, 19 S. W., 9. In the case of Viley, etc., v. Frankfort & Cincinnati Ry. Co., 51 S. W., 173, 21 Ky. Law Rep., 255, it was held that a deed in form like the one under consideration in this case passed the fee simple title to the grantee named in the caption. We have the original record in that case before us. Samuel Viley was the father of J. M. Viley, and the caption of the

deed was as follows: "This indenture, made and entered into this, the —— day of——, 18——, between Samuel Viley of the first part and John Viley of the second part." The consideration was love and affection which the father bore to the son. Both in the granting and habendum clauses the language was to "John Viley and his children." The court in that case, in construing the fee in John Viley was in conflict with the foregoing authorities, and we are inclined to adhere to the construction given to the deed in the former opinions.

In the case under consideration, Sarah Hatchett, the grantee in the deed, named in the caption, paid for the land, and she had the right to control the form of it, and especially the parties who should take under it; and it is presumed that she intended that her children should take the remainder in fee, reserving to herself the life estate; and we are constrained to hold that the words "and her children," as used in the granting and habendum clauses, were used as words of purchase rather than as words of inheritance.

Wherefore the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.