CASE 79.—ACTION BY E. S. WILSON AND OTHERS AGAINST
FILLMORE SHUMATE AND OTHERS FOR THE
CONSTRUCTION OF A DEED.—November 25.

# Wilson, &c., v. Shumate, &c.

Appeal from Nicholas Circuit Court.

L. P. FRYER, Circuit Judge.

Judgment for defendants.    Plaintiffs appeal.—Affirmed.

1. Deeds—Construction—Grantees—"Children."—While the word
"children" as a rule is used in deeds and wills as a word of
purchase, it is frequently used as a synonym for "heirs,"
and this may always be shown by or deduced from a con-
sideration of the whole instrument.

2. Estates Conveyed—Language of Instrument—"Children."—The
caption of a deed stated the grantee as "trustee for C. and
her children." The granting and habendum clauses stated
him as "trustee for C., her heirs and assigns." The war-
ranty was to "C., her heirs and assigns." Held that, in view
of the exclusive use of the words "heirs" and "assigns" in
all the parts of the deed which conveyed or warranted the
estate, the word "children" in the caption, which was merely
descriptio personae of the grantee, was used by the grantors
in the sense of "heirs," and the deed conveyed an equitable
fee-simple estate to C.

MORGAN & DARRAGH for appellant.

### AUTHORITIES CITED.

As to the question of the meaning of the word "children," as
to whether it is used as a word of "limitation" or a word of
"purchase." (Bowe, etc. v. Richmond, etc., 109 S. W., 359;
McFarland v. Hatchett, 118 Ky., 423, 80 S. W., 1185; Lawson,
etc. v. Todd, 110 S. W., 412; Hall v. Wright, 87 S. W., 1129;

Smith v. Smith, 119 Ky., 899; Amer. Ency. of Law, vol. 5, p. 454, 1st Ed., sec. 26.)

HOLMES & ROSS for appellees.

### CASES CITED.

Williams, &c. v. Duncan, &c., 92 Ky., 125; McFarland, &c. v. Hatchett, 26 Ky. Law Rep., 276; Bowe et al. v. Richmond et al., 109 S. W., 359; Lawson, &c. v. Todd, &c., 33 Ky. Law Rep., 559; Martin v. Jones, et al., 57 N. E. Rep., 238; Hardie v. Andrews, 13 Civ. Proc. Rep., 413; Boyertown Nat. Bank v. Hartman, 147 Pa. St., 558, 23 Atl., 842.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The object of this litigation is to obtain a construction of the following deed:

. "This indenture made this 18th day of September, 1856, between Wilford N. Rickey and Sallie Rickey, his wife, of the county of Nicholas and State of Kentucky, of the one part, and Lewis Feeback, as trustee for Catherine Shumate and her children, of the county of Bourbon and State aforesaid, of the other part, witnesseth:

"That the said Wilford N. Rickey and Sallie, his wife, for and in consideration of the sum of six hundred dollars in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained and sold, and by these presents do grant, bargain and sell unto Lewis Feeback, as trustee for Catherine Shumate, her heirs and assigns, all that tract or parcel of land situated, lying and being in Nicholas county, Kentucky, on the waters of Panther creek, and bounded as follows, to-wit: (Metes and bounds omitted.)

"To have and to hold the land hereby conveyed with the appurtenances unto the said Lewis Feeback, as

trustee for Catherine Shumate, her heirs and assigns forever. And the said Wilford N. Rickey and Sallie Rickey, his wife, for themselves, their heirs, executors and administrators, the aforesaid tract or parcel of land and appurtenances unto the said Catherine Shumate, her heirs and assigns against the claim or claims of all and every person whatsoever, do and will forever warrant and defend by these presents. In witness whereof the said Wilford N. Rickey and Sallie Rickey, his wife, who hereby relinquishes her right of dower in and to the land hereby conveyed in this deed hath hereunto set their hands and seals the day and year first above written.

> "(Signed) W. N. Rickey.
> "Sallie Rickey."

The particular question for adjudication•is whether or not the grantee, Catherine Shumate (now Ogden), took an equitable estate for life, or in common, or in fee simple. The plaintiffs (appellants) contend for either the first or second construction, and the defendant (appellee) for the third.

Appellants' claim is based upon the fact that the deed in naming the parties thereto states the grantee as "Lewis Feeback," trustee for Catherine Shumate and her children, and they insist that the word "children" as used is a word of purchase, and not of inheritance, and therefore the children of Catherine Shumate were beneficiaries of the trust established by the deed, and either took with her as tenants in common or as remaindermen after the expiration of her life estate. On the other hand, the appellee, Filmore Shumate, who is the vendee of Catherine Shumate, insists that, taking the deed as a whole, the word "children" is used as a synonym for "heirs," and is a word of inheritance, and not of purchase, and therefore Cathe-

rine Shumate took an equitable estate in fee simple. The granting clause of the deed is as follows: "Do grant, bargain and sell unto said Lewis Feeback, as trustee for Catherine Shumate, her heirs and assigns." The habendum is as follows: "To have and to hold the land hereby conveyed with the appurtenances unto the said Lewis Feeback, as trustee for Catherine Shumate, her heirs and assigns forever." The warranty is to "Catherine Shumate, her heirs and assigns against the claim or claims of all and every person or persons whatsoever." It is insisted that the use of the word "Children" in the caption of the deed can not control the words "heirs" and "assigns" which are used in all those parts which convey or warrant the estate. While the word "children" as a rule, is used in deeds and wills as a word of purchase, it is not universally so. On the contrary, it is frequently used as a synonym for "heirs," and this may always be shown by or deduced from a consideration of the whole instrument wherein it occurs. The rule on this subject is thus stated in McFarland, etc., v. Hatchett, 118 Ky. 423, 26 Ky. Law Rep. 276, 80 S. W. 1185: "The word 'children' is a word of purchase, and not of limitation, and therefore, where property is devised or conveyed to a woman and her children, the children take as joint tenants with the mother, where there is nothing to show a contrary intention. (Authorities omitted.) But, where there are other words in the will or deed showing that the word 'children' was used in the sense of heirs, as where they are followed by the word "forever," and in other parts of the instrument the words "children' and 'heirs' are used interchangeably, the term 'children' will be read as meaning heirs, and construed as a word of limitation, and not of purchase.

This construction is adopted only to effectuate the intention of the maker when there is enough on the face of the instrument to show that he used the word "children" in the sense of 'heirs.' (Authorities omitted.)  On the other hand, the word 'heirs' will be read as synonymous with 'children' and construed as a word of purchase, when necessary to effectuate the intention of the grantor in the deed.  Tucker v. Tucker, 78 Ky. 503; Harper v. Wilson, 2 A. K. Marsh. 465. An exception to the above rule has been made in the case of a deed or will from the husband to his wife and children.  These cases are held to constitute a peculiar class, and as such cases it is held that the wife takes the property for life, with remainder to the children."  To the same effect is Williams v. Duncan, 92 Ky. 125, 17 S. W. 330, 13 Ky. Law Rep. 389.

Applying the foregoing principles to the deed under consideration, we are constrained to the conclusion that Catherine Shumate took an estate in fee simple. It will be observed that in the caption the word "children" is used as descriptio personæ of the trustee; he being described as trustee for Catherine Shumate and her children.  There is no intention shown in this part of the deed to convey an estate to the children of the cestui que trust, Catherine Shumate.  So far as anything appears to the contrary, Lewis Feeback may have been trustee for Catherine Shumate and her children; at any rate, the conveyance was to the trustee, and he was the party named as vendee.  But, when we reach those parts of the deed wherein the estate is actually conveyed, the word "children" is not used.  The beneficial estate is to Catherine Shumate, her heirs and assigns, or her heirs and assigns forever, as in the habendum.  So that, as said before, taking the deed as a whole, we are of opinion that

Catherine Shumate took an equitable estate in fee simple. This conclusion in no wise conflicts with the principle announced in Bowe v. Richmond, 109 S. W. 359, 33 Ky. Law Rep. 173. In that case the vendees of the deed were described as Caroline Bowe and her children by A. J. Bowe, and afterwards, in the other parts of the deed, the estate was conveyed to Caroline Bowe, her heirs or her heirs and assigns forever (as in the habendum). Clearly the word "children," as used in the caption in the case cited, could not be construed as synonymous with "heirs." because the children named were limited to those begotten by A. J. Bowe, thus excluding the idea that it was used as synonymous with the general word "heirs." In addition, the court, as shown in the opinion, was largely controlled by the fact that it appeared that the father and husband, A. J. Bowe, furnished the consideration of the deed, and it was therefore inferable that he intended to make a provision both for his wife and his children by her. The case cited, therefore, falls within the exception mentioned in the excerpt from McFarland v. Hatchett, supra, and, as said before, it is in no wise inconsistent with the conclusion we have reached in the case at bar.

For these reasons, the judgment of the trial court in construing the deed that Catherine Shumate took an equitable estate in fee must be affirmed; and it is so ordered.