# Virginia Iron, Coal & Coke Company v. Dye, et al.

(Decided January 31, 1912.)

## Appeal from Pike Circuit Court.

1. Deeds—Construction of.—In construing a deed the intention of the parties, as appears from the whole deed, must control; and, if the intention appears, technical rules of construction will not be applied if they lead to a different result. If the granting clause and the habendum clause are irreconcilable, and the other parts of the deed do not make it apparent which the grantor intended should control, the granting clause will prevail; but, if both parts of a deed may well stand together, consistent with the rules of law, they will be construed to have that effect, rather than be held repugnant.

2. Deeds—Construction of—"Children" Used for "Heirs."—Where it is apparent from the instrument that the word "heirs" is used in the sense of "children," as where they are used interchangeably, the term "heirs" will be read as meaning "children," and construed as a word of purchase and not of limitation.

3. Same.—In this case, where the deed named "Elizabeth Dye and her children" as "party of the second part," and the granting clause conveyed "to the party of the second part, her heirs and assigns," and the habendum clause was "to the party of the second part, her heirs and assigns forever," Elizabeth Dye took a life estate with remainder to her children.

AUXIER, HARMAN & FRANCIS for appellant.

C. C. BOWLES and J. S. CLINE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This appeal involves the construction of the following deed:

"This deed of conveyance, made and entered into this 31st day of May, 1878, between William Sword, Sr., and Malinda Sword, his wife, party of the first part, and Elizabeth Dye and her children, party of the second part

witnesseth: That said party of the first part, for and in consideration of a swap in land do hereby sell and convey to the party of the second part, her heirs and assigns the following described property, to-wit:

(Description of land omitted.)

"To have and to hold the same together with all the appurtenances thereunto belonging unto the party of the second part, her heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part that they will warrant the title to the property hereby conveyed to the party of the second part and his heirs and assigns forever.

"In testimony whereof, the party of the first part have hereunto subscribed our names the day and year aforesaid."

Elizabeth Dye was the daughter of William Sword, Sr., and the wife of Lilburn Dye, by whom she had sixteen living children. The land "swapped" as the consideration for said conveyance belonged to Lilburn Dye, the husband. In 1887, and after the death of Lilburn Dye, Elizabeth Dye sold and conveyed all of the coal, salt water, oil, gas and mineral upon and under said land, with all the usual mining privileges to Greenway and his associates, reserving, however, the fee simple in the surface, and the right to mine coal for household use. The appellant, the Virginia Iron, Coal & Coke Company, as the successor in title from Greenway and his associates, filed this action on December 6, 1909, against Elizabeth Dye (now Elizabeth Marrs), and certain of her children and grandchildren, for the purpose of quieting the title to said mining privileges, alleging that said defendants were illegally and wrongfully claiming that Elizabeth Dye took only a life estate under the deed from William Sword, Sr., in 1878, and that her children and the descendants of those who had died own the remainder estate therein.

The circuit judge, resting his decision upon the authority of Bowe v. Richmond, 33 Ky. Law Rep., 173, 109 S. W., 359, dismissed the petition, and from that judgment the plaintiff prosecutes this appeal.

If Elizabeth Dye took a fee simple estate under the deed from William Sword, Sr., her conveyance to Greenway and his associates passed the entire estate in the mining privileges, and the appellees, who are children and grandchildren of Elizabeth Dye, have no interest whatever therein; but, if Elizabeth Dye took only a

life estate under said deed, her children and grandchildren own the remainder, and the judgment dismissing the petition was right.

In Kelly v. Parsons, 127 S. W., 792, this court, in announcing a well recognized canon for the construction of deeds, said:

"In construing a deed, this court is committed to the doctrine that the intention of the parties, as appears from the whole deed, must control. If the intention appears, technical rules of construction can not be applied if they lead to a different result. If the granting clause and the habendum are irreconcilable, and the other parts of the deed do not make it apparent which the grantor intended should control, the granting clause will prevail. Hall v. Wright, 121 Ky., 16, 87 S. W., 1129, 27 Ky. Law Rep., 1185. But if both parts of a deed may well stand together, consistent with the rules of law, they will be construed to have that effect, rather than be held repugnant. 13 Cyc., 618. So, too, where it is apparent from the instrument that the word 'children' is used in the sense of 'heirs,' as where they are used interchangeably, the term 'children' will be read as meaning 'heirs' and construed as a word of limitation and not of purchase. McFarland v. Hatchett, 118 Ky., 423, 80 S. W., 1185, 26 Ky. Law Rep., 276; Moran v. Dillehay, 8 Bush, 434; Hood v. Dawson, 98 Ky., 285, 33 S. W., 75, 17 Ky. Law Rep., 880; Lachland's Heirs v. Downing's Exors., 11 B. M., 32; Williams v. Duncan, 92 Ky., 125, 17 S. W., 330, 13 Ky. Law Rep., 389."

Again in Tanner v. Ellis, 127 S. W., 996, in referring to the use of words, and the construction to be given them when used in their popular sense rather than in their strict legal meaning, this court said:

"The object of all rules of construction is to arrive at the intention of the parties; and, when upon a consideration of the whole instrument, the intention of the parties in the light of their surrounding circumstances sufficiently appears, it will be carried out. The court must look to the whole instrument to ascertain the intention of the parties rather than to a particular word, for it is well known that persons frequently use words in their popular sense rather than in their strict legal meaning; and, if there is enough in the paper to show what the parties in fact meant, their actual intention will be enforced. See Hall v. Wright, 121 Ky., 16, 87 S. W., 1129, 27 Ky. Law Rep., 1185; Bowe v. Richmond,

109 S. W., 359, 33 Ky. Law Rep., 173; Cook v. Hart, 117 S. W., 357; McSurley v. Venters, 104 S. W., 365, 31 Ky. Law Rep., 965.''

In Bowe v. Richmond, 33 Ky. Law Rep., 173, 109 S. W., 359, which the circuit judge treated as decisive of this case, the caption of the deed recited that ''Caroline Bowe, and her children by A. J. Bowe,'' were the parties of the second part; the granting clause conveyed ''to the party of the second part, her heirs,'' while the habendum clause recited that the land should be held ''to the second party, and her heirs and assigns forever.'' It will thus be noted that the deed in Bowe v. Richmond, and the deed in the case at bar, are, from a legal standpoint, substantially the same in effect, the only difference being that in Bowe v. Richmond the granting clause conveyed ''to the party of the second part, her heirs,'' while the granting clause of the deed at bar conveyed ''to the party of the second part, her heirs and assigns.'' In both deeds the captions are to the mother and her children, while the habendum clauses are identical.

It is true, however, in the deed in the case at bar ''the grantor (grantors) covenants with the said party of the second part that they will warrant the title to the property hereby conveyed to the party of the second part, and his heirs and assigns forever;'' but this clause will not affect the interpretation to be given to the other parts.

In construing the deed in Bowe v. Richmond, supra, this court said:

''A. J. Bowe, the husband of Caroline Bowe, and the father of her children, paid a valuable consideration for the tract of land in controversy. The deed, though from one unrelated to the grantees, was made as directed by A. J. Bowe, the purchaser, and with the evident purpose of providing for his wife and children. In this respect the instrument should be regarded as a deed made by the husband and father himself, or as a will by which he intended to dispose of his estate for the benefit of those who would naturally be expected to receive it because entitled to his bounty. The conveyance here is, by the direction of the husband and father, made to 'Caroline Bowe and her children by A. J. Bowe, of the second part.' This expression is followed by the granting clause, which says that in consideration of $900 and a note of $100, the party of the first part 'does hereby sell, grant and convey to the party of the second part,'

etc. What person or persons will the words 'party of the second part,' as here used, and the words 'second party,' occurring in the habendum, necessarily include? By referring to the caption which, as it is not in conflict with other parts of the deed, should be considered in arriving at its meaning, we find that they include Caroline Bowe and her children by A. J. Bowe. Neither the granting clause nor the habendum conflicts with the caption of the deed, and the word 'children' being used in the caption it does no violence to the meaning of the deed to conclude that the word 'heirs' found in the granting and habendum clauses in connection with the pronoun 'her' mean all the children of Caroline Bowe by A. J. Bowe, and were so intended. McFarland v. Hatchett, 118 Ky., 423, 80 S. W., 1185. Such words as 'heirs of her body,' or 'heirs lawfully begotten of their body,' are usually words of limitation, but not so with the word 'children' which is generally held to be a word of purchase, and to embrace immediate descendants only. Such is its meaning, and also of the word 'heirs' in the deed before us. The deed having been procured, and the land paid for by A. J. Bowe, he had the right to control the form of the deed, and select the persons to take under it. His intention, as shown by the deed as a whole, was that his wife should take a life estate, and his children by her the remainder in the land. * * * As said in Hall v. Wright, 121 Ky., 16, there are many cases in which the husband made provision for the wife and children; the deed or will containing, in many instances, language very similar to that employed in the deed under consideration, and in practically all of them the wife was held to have been vested with a life estate in the realty, with remainder to the children. Jarvis v. Quigley, 10 B. Mon., 104; Smith v. Upton, 13 S. W., 721, 12 Ky. L. R., 28; Davis v. Hardin, 80 Ky., 673; Frank v. Unz, 91 Ky., 621, 16 S. W., 712; Koenig v. Kraft, 87 Ky., 95, 7 S. W., 622, 12 Am. St. Rep., 463; Righter v. Forrester, 1 Bush, 278.

We are of opinion that the deed from Burgess and wife to Caroline Bowe and her children by A. J. Bowe under consideration conveyed the mother a life estate in the land herein described, with remainder to her children by A. J. Bowe, including such of the children as were born after the execution of the deed.''

Appellant insists, however, that this case is to be controlled by the later decision in Wilson v. Shumate,

130 Ky., 666, where the caption of the deed named "Louis Feeback as trustee for Catherine Shumate and her children," as the grantee; and the granting clause conveyed to "Louis Feeback as trustee for Catherine Shumate, her heirs and assigns," while the habendum clause was "to said Louis Feeback as trustee for Catherine Shumate, her heirs and assigns forever."

In that case the warranty was "unto the said Catherine Shumate, her heirs and assigns." In holding that Catherine Shumate took an equitable estate in fee, this court said:

"It is insisted that the use of the word 'children' in the caption of the deed can not control the words 'heirs' and 'assigns' which are used in all those parts which convey or warrant the estate. While the word 'children' as a rule, is used in deeds and wills as a word of purchase, it is not universally so. On the contrary, it is frequently used as a synonym for 'heirs,' and this may always be shown by or deduced from a consideration of the whole instrument wherein it occurs. The rule on this subject is thus stated in McFarland, etc., v. Hatchett, 118 Ky., 423, 26 Ky. Law Rep., 276, 80 S. W., 1185: 'The word 'children' is a word of purchase, and not of limitation, and therefore, where property is devised or conveyed to a woman and her children, the children take as joint tenants with the mother, where there is nothing to show a contrary intention. (Authorities cited.) But, where there are other words in the will or deed showing that the word 'children' was used in the sense of heirs, as where they are followed by the word 'forever,' and in other parts of the instrument the words 'children' and 'heirs' are used interchangeably, the term 'children' will be read as meaning heirs, and construed as a word of limitation and not of purchase. This construction is adopted only to effectuate the intention of the maker when there is enough on the face of the instrument to show that he used the word 'children' in the sense of 'heirs.' (Authorities omitted.) On the other hand, the word 'heirs' will be read as synonymous with 'children' and construed as a word of purchase, when necessary to effectuate the intention of the grantor in the deed. Tucker v. Tucker, 78 Ky., 503; Harper v. Wilson, 2 A. K. Marsh., 465. An exception to the above rule has been made in the case of a deed or will from the husband to his wife and children. These cases are held to constitute a pe-

culiar class, and in .such cases it is held that the wife takes the property for life, with remainder to the children.''

The opinion in Wilson v. Shumate points out that Bowe v. Richmond was controlled by the fact that it appeared that the father and husband, A. J. Bowe, furnished the consideration of the fee, from which fact it was inferable that he intended to make a provision for both his wife and children; and that the case, therefore, fell within the exception mentioned in the excerpt from McFarland v. Hatchett, *supra*.

The case at bar likewise falls within the exception pointed out in McFarland v. Hatchett, and must be given the same construction. If it should be contended that the habendum clause uses the phrase her heirs and assigns ''forever,'' thereby using the term ''heirs'' as a word of limitation and not of purchase, it must be remembered that the granting clause, which is the controlling clause in cases of irreconcilability, does not contain the word ''forever,'' but uses the terms ''heirs and assigns'' interchangeably, as meaning children.

As to the interest taken by Mrs. Dye under the deed from her husband—whether it be a joint interest with her children, or a life estate, with remainder to her children—it is sufficient to say it has become a well settled rule of construction in this jurisdiction, that a conveyance to a woman and her children creates a life estate in the mother, with remainder to her children. McFarland v. Hatchett, 118 Ky., 423; Hall v. Wright, 121 Ky., 16; Salyer v. Johnson, 32 Ky. L. R., 710, 107 S. W., 210.

It follows that Mrs. Dye took only a life estate under the deed of 1878, with remainder to her children, and that the circuit judge was right in so holding.

Judgment affirmed.