## Burns v. Moseley, et al.

(Decided January 19, 1915.)

### Appeal from Daviess Circuit Court.

1. Wills—Construction.—The words "bodily heirs" used in a will or deed are words of limitation, and ordinarily will be given their technical meaning; the word "children" is a word of purchase.

2.  Wills—Construction.—But when the words "bodily heirs" are used
in a will interchangeably with the word "children," and it is
apparent that the word "children" was used in the primary
sense, and the words "bodily heirs" were descriptive merely, they
will be construed as meaning children, and therefore words of
purchase and not of limitation.

LOUIS IGLEHART for appellant.

MILLER, SANDIDGE & MALIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

This action was brought by Mrs. Florence A. Moseley and her husband for a construction of the will of her father, Louis I. Burns, who died a resident of Daviess county in November, 1879, the question being what interest Mrs. Moseley took thereunder.

The material clause of the will reads as follows:

"2nd.  The home farm I give to my wife (containing two hundred and ninety-three acres) during her natural life. At her death I give the south side of the farm to my son, Samuel T. Burns, containing one hundred and forty-six acres, bounded as follows, viz: (Description by metes and bounds omitted.)

"The north half of the tract, at the death of my wife, I give to Florence A. Moseley and her children, if she should have any living, and should she have no bodily heirs living, then it is to go to my legal heirs; this half is bounded as follows, viz: (Description by metes and bounds omitted.)"

The will is a long one, containing devises to his different children; charging advances against them; and containing this further clause:

"Florence A. Moseley's land and advancement is two thousand six hundred and eighty-two dollars."

The testator left surviving him his wife, Elizabeth Burns, and six children, Samuel T. Burns, Florence A. Burns, Amanda F. Igleheart, Palestine C. Springfield, William P. Burns, and Nannie E. Bethel. The testator's widow, Elizabeth Burns, died on April 21, 1884, without having re-married. Mrs. Moseley had one child born to her in 1874, but it died before the death of Elizabeth Burns, its grandmother. Mrs. Moseley claims her father devised said farm to her in fee, providing that her interest should be defeated only in case she should die

without bodily heirs before the death of her mother, Elizabeth Burns.

The chancellor took her view of the case, and from a judgment declaring that Mrs. Moseley was the owner of said farm in fee simple, and quieting her title thereto, her brother, Samuel T. Burns, prosecutes this appeal.

The judgment of the chancellor construed the will to mean that the testator intended to devise said north farm to Mrs. Moseley in fee, to be defeated only in the event she died without bodily heirs before the death of her mother, Elizabeth Burns. The appellant contends, however, that Mrs. Moseley took only a life estate, with remainder to any issue she might have at her death, and in the event she should have no issue, the remainder should go to the legal heirs of the testator.

The decision turns upon the effect to be given the words "and her children," as they are used in the will. If they are words of purchase, Mrs. Moseley took only a life estate; and appellant insists that they must be construed as words of purchase, and not words of limitation.

The cardinal rule for the construction of wills is that the intention of the testator, to be gathered from the whole instrument, must control; and if the intention appears, technical rules of construction are not to be applied if they lead to a different result. Thus, where it is apparent from the instrument that the word "children" is used in the sense of "heirs," the term "children" will be read as meaning "heirs" and construed as a word of limitation and not of purchase. Kelly v. Parsons, 127 S. W., 792; Virginia Iron, Coal & Coke Co. v. Dye, 146 Ky., 521.

In Medford v. Dougherty, 89 Ky., 58, Judge Pryor, in speaking for the court, said

"Where the devise is to A and his children, the children take as purchasers, and the question generally is, whether A is vested with a life estate or holds only a joint interest with his children. The word 'heirs' or 'heirs lawfully begotten' embrace all the descendants of the devisee or grantee; but the word 'children' embraces only immediate descendants, and when used in a deed or will, the children take as purchasers, and are vested, if living, when the devise is to one and his children, with a present interest, or take, under the devise, as they come into being."

In Smith v. Smith, 119 Ky., 904, the testator devised his property to his wife for life with remainder to his "son and his children." In holding that the son took but a life estate, with remainder to his children, the court said:

"The word 'children,' as here used, must, we think, be considered as a word of purchase and not of limitation, and must always be so regarded when so used in the devise, unless there is some qualifying word or phrase in juxtaposition thereto to show that it is intended as a word of limitation, or unless in some other part of the will there are words or phrases which explain that the testator used the word 'children' in the latter sense."

In Kelly v. Parsons, 127 S. W., 792, the court stated the rule as follows:

"Where it is apparent from the instrument that the word 'children' is used in the sense of 'heirs,' as where they are used interchangeably, the term 'children' will be read as meaning 'heirs,' and construed as a word of limitation and not of purchase. McFarland v. Hatchett, 118 Ky., 423; Moran v. Dillehay, 8 Bush, 434; Hood v. Dawson, 98 Ky., 285; Lachland's Heirs v. Downing's Heirs, 11 B. Mon., 32; Williams v. Duncan, 98 Ky., 125."

In Naville v. American Machine Co., 145 Ky., 349, the court reviewed the cases at length, and deduced therefrom the following general rules, under the Kentucky decisions, for the construction of wills:

First, where there is a devise by the father or mother to a son, daughter or blood relation in which the language "to him and his children forever" is used, the word "children" has been construed as meaning "heirs," and the children take no interest in the property devised.

Second, in devises to a blood relation and his children, where the word "forever" is not used following the word "children," the children take a fee subject to the life estate of the parent; and,

Third, in devises by a husband to his wife and her children, the parent takes a life interest and the children take the fee.

See also Hayes v. Hayes, 154 Ky., 129.

If the will had devised the farm to Mrs. Moseley "and her children," the case would have come within the third rule above announced, and would be without difficulty, for, in such a case, Mrs. Moseley would unquestionably have taken a life estate with remainder in

fee to her children. But the subsequent language of the clause in question makes its construction more difficult.

In Simpson v. Adams, 127 Ky., 790, the principal rules for the construction of wills are set forth, the first of said rules reading as follows:

"Where an estate is devised to one for life, with remainder to another, and, if the remainderman die without children or issue, then to a third person, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate."

Mrs. Moseley contends that her case comes within the rule just announced; and in so deciding the chancellor held that the words "dying without children or issue" were equivalent to the qualifying words in the Burns will, "should she have no bodily heirs living then it is to go to my legal heirs."

But we have been unable to reach that conclusion, since the conveyance to Mrs. Moseley is limited in case she should have no bodily heirs; and the terms "children" and "heirs" have not the same technical meaning.

In Duncan v. Medley, 160 Ky., 684, the conveyance was "to Hettie E. Duncan, our daughter, her children the heirs of her body;" and the court was called upon to say whether the words "heirs of her body" were used synonymously with "children." The circuit court held that the children of the life tenant took an interest in remainder; and in affirming that ruling, this court said:

"The term 'heirs of her body' is one of limitation, and will ordinarily be given its technical meaning. Dotson v. Kentland Coal & Coke Company, 150 Ky., 60. The word 'children' used in a will or deed of conveyance is a word of purchase.

"But, where it is apparent from the will or deed that the word 'children' is used in the sense of 'heirs,' it will be read as meaning 'heirs' and construed as a word of limitation. Virginia I. C. & C. Co. v. Dye, et al., 146 Ky., 519.

"On the other hand, where it is apparent from the instrument that the term 'heirs of her body' is used in the sense of 'children,' it will be read as meaning 'children,' and construed as a word of purchase and not of limitation. American National Bank v. Madison, 144 Ky., 152; Hunt v. Hunt, 154 Ky., 679.

"In the deed here under consideration, the language is, 'to Hettie E. Duncan our daughter her children the heirs of her body.' The terms 'her children' and 'the heirs of her body' are used synonymously. Being so used, the question presents itself as to whether 'her children' was used as meaning 'the heirs of her body,' or whether 'the heirs of her body' was used as meaning 'children.' In other words, which term was used in the primary sense and which was descriptive?

"The rule to be applied in determining this question is to try to ascertain whether the grantor intended that his daughter should take in fee, or a life estate only; and there is but little language in the deed to assist us in a determination of the grantor's intention. *  *  *  *

"In the deed under consideration in the case at bar the inclusion of the provision that 'W. T. Duncan agrees not to trade his lifetime interest in said land,' indicates a purpose in the grantor of protecting the interest of the children; and also aids in arriving at the conclusion that the words used in the deed were not intended as words of limitation. We are of the opinion that the circuit court properly construed the deed in question and that the judgment should be affirmed."

Likewise, the question here is to determine which of the terms, "children," "bodily heirs," or "legal heirs," was used in the primary sense, and which was descriptive.

While the case is not without difficulty, when the clause is read as a whole, it is apparent that the testator's purpose was to care for the children of his daughter Florence, and that the term "children" is the primary word, the later words "bodily heirs" and "legal heirs" being merely descriptive in purpose and effect.

This intention is shown by the direction that if Florence should have no "bodily heirs," meaning children, then the land should go to the testator's other legal heirs.

We conclude that the words "her children" were not intended as words of limitation upon the estate of Florence, and that the circuit court erred in so holding. Florence took a life estate only, with remainder to her children, who took as purchasers.

The subsequent clause of the will above quoted, which fixes the testator's valuation of Florence's land and advancement at $2,682.00, throws no light upon the

character of her estate, or the estate of her children therein. Neither the children nor the heirs are mentioned in that clause; it devises nothing; it merely fixes the valuation of the devise theretofore made, for purposes of equalization with the other five children of the testator. The character of the devise as between Florence and her children remained to be determined by the language of the second clause.

Judgment reversed with instructions to the circuit court to enter a judgment in accordance with this opinion.