## Frey, et al. v. Clark, et al.

(Decided September 25, 1917.)

### Appeal from Daviess Circuit Court.

1. Deeds—Construction as to Parties.—Where a deed conveys a house and lot to J. F. and his daughter-in-law, M. F., the consideration of which was paid by the former, and the granting clause of the deed recites that the conveyance is "to the parties of the second part, their heirs and assigns, . . . with the limitations hereinafter expressed," viz., "jointly during the life of J. F. . . . at his death then the whole to belong to M. F. and her children. To have and .to hold the same as herein expressed, with all the appurtenances thereon, to the second parties, their heirs and assigns forever with covenant of general warranty." Held: that under this deed J. F. and M. F. each took a life estate in the house and lot with remainder to the children of the latter; and as J. F. is dead, the children of M. F. will at her death become the owners in fee of the property.

2. Deeds—Particular Words or Terms.—The word childrer, as used in this deed, is a word of purchase and not of limitation; and where real estate is devised or conveyed to a woman and her children, under the rule of construction followed in this jurisdiction, such a conveyance creates a life estate in the mother with remainder to her children.

3. Deeds—Construction—Intention.—In construing a deed the intention of the parties as it appears from the whole deed must control. If the intention appears, technical rules of construction cannot be applied, if they lead to a different result.

4. Quieting Title—Slander of Title—Possession.—The possession of the life tenant is that of the remaindermen. The remaindermen, unless the life tenant be guilty of waste, may not deprive him of the possession of the real estate during the continuance of the life estate. But if the life tenant attempts to repudiate the title of the remaindermen by proclaiming that they have no title, or that the fee simple title is in himself or another, such action and declarations will constitute slander of the title of the remaindermen and cast a cloud thereon, justifying the granting, at their suit, of such relief as will fix their rights and protect their respective interests in the real estate.

FOREST A. ROBY and LOUIS I. IGLEHEART for appellants.

LA VEGA CLEMENTS and GERALD CLEMENTS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

The matter presented for decision by this appeal is the construction that should be given the following deed:

"This deed between Margaret Schlosser of the city of Owensboro, Ky., of the first part, and Margaret Frey and Joseph Frey of the same city and state, of the second part.

"Witnesseth: That the said party of the first part in consideration of Eight Hundred and Fifty Dollars cash in hand paid, the recipt of which is hereby acknowledged, does hereby sell and convey to the parties of the second part, their heirs and assigns, the following described property *with the limitations hereinafter expressed.* (Description omitted.) This conveyance is made to the second parties jointly during the life of Joseph Frey, one of the parties of the second part, herein, the object being to secure him a home during his life, at his death then the whole to belong to Margaret Frey *and her children.* To have and to hold the same *as herein expressed,* with all the appurtenances thereon, to the sec-

ond parties, their heirs and assigns forever, with covenant of general warranty.

"In testimony whereof, witness our signatures this 23rd day of September, 1897.

(Signed) "MAGGIE SCHLOSSER."

It is conceded that Joseph Frey furnished the entire consideration paid for the real estate conveyed by the above deed. Joseph Frey was a widower and was not survived by children. His only son, J. D. Frey, the father of the appellants, Henry Frey and Joe Frey, died before the execution of the deed in question, survived by his widow, Margaret Frey, and his two sons, Henry and Joe Frey. On June 19, 1900, Joseph Frey, grandfather of the appellants, Henry Frey and Joe Frey, by deed conveyed his interest in the real estate in question to his daughter-in-law, Margaret Frey, the mother of the appellants, Henry Frey and Joe Frey. The grandfather, Joseph Frey, died in the year 1907, leaving as his only heirs at law his grandsons, Henry Frey and Joe Frey. Margaret Frey, on December 5, 1906, by deed conveyed her interest in the real estate to one M. L. Clark, who died in the year 1909, survived by the appellees, Samuel Clark, Ethel Clark, Lula Clark Luckett, her husband, Horace Luckett, and Isabella Clark, all of whom, except Horace Luckett, are his children and only heirs at law. They are now in the possession and claiming to be the owners in fee of the real estate conveyed their father, M. L. Clark, by the deed from Margaret Frey, of December 5, 1906.

This action was brought by the appellants, Henry and Joe Frey, asserting claim as remaindermen to the real estate conveyed September 23, 1897, by Margaret Schlosser to their grandfather, Joseph Frey, and their mother, Margaret Frey, it being alleged in the petition that the deed referred to conveyed to the latter only a life estate each in the property with remainder to the appellants; that the deed of June 19, 1900, from Joseph Frey, their grandfather, to Margaret Frey, their mother, conveyed to the latter only the life estate of Joseph Frey in the property and that the deed of December 5, 1906, from Margaret Frey to M. L. Clark, only conveyed to Clark her life estate therein, which life estate at the death of M. L. Clark descended to his children and heirs at law, the appellees. It is further alleged in the petition that the appellees are in possession of the real estate claim-

ing the absolute title thereto, adversely to the appellants, and proclaiming to the public that the appellants own no interest therein, thereby casting a cloud upon their title as remaindermen and greatly depreciating the market value thereof. It is asked in the prayer of the petition that appellants be adjudged the owners of the real estate at the death of their mother, Margaret Frey; that the deed to the latter and their grandfather, Joseph Frey, be construed and appellants' title to the real estate as remaindermen be quieted. Appellees filed a general demurrer to the petition, which was sustained by the court, and the petition dismissed. This appeal is prosecuted from the judgment manifesting that ruling of the circuit court.

The question to be determined is, what estate, if any, did the appellants take in the property in question under the deed from Maggie Schlosser? In construing a deed the intention of the parties as it appears from the whole instrument must control. If the intention clearly appears, technical rules of construction will not be allowed to defeat it.

It is insisted for appellants that the deed in naming the parties thereto and naming Margaret Frey and her children as the persons to whom the real estate should go at the death of Joseph Frey intended that the word "children" should be used as a word of purchase and not of limitation, while the appellees contend it is used in the sense of heirs and is, therefore, a word of limitation and not of purchase. The lower court sustained appellees' contention and held that the word "children" was a word of inheritance and, consequently, of limitation. The word "heirs" is usually held a word of limitation, but not so with the word "children," which is generally held to be a word of purchase, and such we think is clearly its meaning as used in the deed under consideration.

It will be observed that the deed recites, in connection with its acknowledgment of the payment of the consideration, that the grantor "does hereby sell and convey to the parties of the second part, their heirs and assigns, the following described property, *with the limitations hereinafter expressed.*" The limitations "hereinafter expressed" are set forth in that clause of the deed succeeding the description of the real estate, and are as follows:

"This conveyance is made to the second parties jointly during the life of Joseph Frey, one of the parties of the second part herein, the object being to secure him a home during his life, at his death then the whole to belong to Margaret Frey *and her children.*"

These two clauses together manifest the meaning of the grant made by the deed. One of the *"limitations hereinafter expressed"* in the second of these clauses is its provision that after the death of Joseph Frey, the whole of the property should belong to Margaret Frey and her children.

The intention of the parties to the deed to invest the children of Margaret Frey with the interest asserted by them in the property conveyed is further shown by the words "as herein expressed," found in the habendum clause, which as a whole reads as follows: .

"To have and to hold the same *as herein expressed,* with all the appurtenances thereon to the second parties, their heirs and assigns forever, with covenant of general warranty."

It is manifest that the draftsman of the deed, who presumably worded it as directed by the parties, had a fixed idea of the meaning and effect of the word "children" as therein employed, and intended it as a word of purchase and not of limitation, this intention being shown as we have already seen both in the granting and habendum clauses of the deed; and while in the habendum the customary words "to the second parties, their heirs and assigns forever," are employed, it cannot properly be contended that because the word "heirs" is ordinarily held to be a word of limitation and not of purchase, the word "children" as used in the granting clause is to be so understood; for it is not to be overlooked that the word "children" appearing in the granting clause, which is the controlling clause in this deed, is recognized in the habendum clause as a word of purchase when it declares that the estate is conveyed under the limitations contained in the granting clause, the second of which declares that appellants as the children of Margaret Frey take an interest in the estate conveyed.

The construction we here give the deed is fortified by the admitted facts that Henry Frey and Joe Frey lived with, were dependent upon, and were the natural objects of the bounty of their grandfather, Joseph Frey, who furnished the entire consideration for the deed and

procured the grantor to execute it in the form required by him.

We also find that our construction of the deed in question is sustained by the following authorities: McFarland, &c., v. Hatchett, 118 Ky. 423; Virginia Iron, Coal & Coke Co. v. Dye, et al., 146 Ky. 519; Bowe v. Richmond, 109 S. W. 359.

In the case of McFarland, &c., v. Hatchett, *supra,* the deed was executed by W. P. Robinson and wife to Sarah Hatchett, wife of Roland Hatchett. After setting out the consideration the language of the deed was as follows:

"The party of the first part sells and hereby conveys to Sarah Hatchett *and her children* a certain lot of ground situated in the city of Henderson. (Description omitted.) To have and to hold to her, the said Sarah Hatchett and her children, with covenant of general warranty."

In the opinion it is, in part, said:

"The word 'children' is a word of purchase, and not of limitation, and, therefore, where property is devised or conveyed to a woman and her children, the children take as joint tenants with the mother, where there is nothing to show a contrary intention. . . . In the case under consideration, Sarah Hatchett, the grantee in the deed, named in the caption, paid for the land, and she had the right to control the form of it, and especially the parties who should take under it; and it is presumed that she intended that her children should take the remainder in fee, reserving to herself the life estate; and we are constrained to hold that the words 'and her children,' as used in the granting and habendum clauses, were used as words of purchase rather than words of limitation."

In Virginia Iron, Coal & Coke Co. v. Dye, et al., 146 Ky. 519, the rule of construction announced in the case *supra* was followed. In the opinion it is said:

"The case at bar likewise falls within the exception pointed out in McFarland v. Hatchett, and must be given the same construction. If it should be contended that the habendum clause uses the phrase her heirs and assigns 'forever,' thereby using the term 'heirs' as a word of limitation and not of purchase, it must be remembered that the granting clause, which is the controlling clause in cases of irreconcilability, does not contain the word 'forever,' but uses the terms 'heirs and assigns' interchangeably, as meaning children.

"As to the interest taken by Mrs. Dye under the deed from her husband—whether it be a joint interest with her children, or a life estate, with remainder to her children—it is sufficient to say it has become a well-settled rule of construction in this jurisdiction, that a conveyance to a woman and her children creates a life estate in the mother, with remainder to her children."

In the case of Bowe v. Richmond, 109 S. W. 350, the deed was made to the grantee and her children by her then living husband, the husband paying for the land. The language of the habendum clause was "to have and to hold the same with all the appurtenances thereon to the second party and her heirs and assigns forever, with covenant of general warranty." In the opinion it is said:

"This deed, though from one unrelated to the grantees, was made as directed by A. J. Bowe, the purchaser, and with the evident purpose of providing for his wife and children. In this respect the instrument should be regarded as a deed made by the husband and father himself or as a will by which he intended to dispose of his estate for the benefit of those who would naturally be expected to receive it, because entitled to his bounty. The conveyance here is by the direction of the husband and father made to Caroline Bowe and her children by A. J. Bowe of the second part. . . . Such words as 'heirs of his body,' or 'heirs lawfully begotten of their body,' are usually words of limitation, but not so with the word 'children' which is generally held to be a word of purchase, and to embrace immediate descendants only. Such is its meaning, and also of the word 'heirs' in the deed before us. The deed having been procured and the land paid for by A. J. Bowe, he had the right to control the form of the deed and select the persons to take under it. His intention, as shown by the deed as a whole, was that his wife should take a life estate and his children by her the remainder in the land."

In Hall v. Wright, 121 Ky. 16, the deed was from Ely Hall and wife to their son, Joseph Hall, and his children forever. It was held that Joseph Hall took only a life estate in the land and his children a remainder in fee. In so holding we said:

"In construing a deed the intention of the parties as it appears from the whole deed must control. If the intention appears, technical rules of construction cannot be applied if they lead to a different result. Under sec-

tion 2342 of the Kentucky Statutes of 1903, which was the law at the time this deed was executed, it is provided: 'Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of.'

"Under the common law, when a grant was made to a person without words of inheritance, the estate would not pass to the heirs, and the grantee would not take the fee simple title; hence the necessity for this statute to pass the fee-simple title to purchasers when no words of inheritance were contained in the conveyance. But this statute does not apply where there are any words in the conveyance indicating how the title is to pass."

To the same effect are the following additional authorities: Smith, et al, v. Smith, et al, 119 Ky. 899; Carr v. Estill, 16 B. Mon. 309; Mefford v. Dougherty, 11 R. 157; Frank v. Unz, 91 Ky. 621; Adams v. Adams, 20 R. 655.

An examination of the authorities relied on by counsel for appellees will show that they do not conflict with those we have cited.

It is our conclusion that under the deed from Margaret Schlosser to their grandfather and mother, appellants, as remaindermen, take the whole of the estate conveyed in fee at the death of their mother, Margaret Frey. Therefore, by the deed executed by her to M. L. Clark, Margaret Frey only conveyed to the latter her life estate in the property. There can be no question of appellants' right to maintain this action. It is well settled in this jurisdiction that the possession of the land by a life tenant will be regarded as the possession of the remainderman. The latter, unless the life tenant be guilty of waste, may not deprive him of the possession of the land during the continuance of the life estate. If, however, the life tenant attempts to repudiate the title of the remainderman by proclaiming that he has no title or that the fee simple title is in himself or another, such actions and declarations will constitute slander of the title of the remainderman and cast a cloud thereon, justifying the granting at his suit of such relief as will fix his rights and protect his interest in the property. Elam v. Alexander, et al, 174 Ky. 39; Treadway v. Farris, 90 Ky. 663; Commonwealth, &c. v. Clark, &c., 119 Ky. 85.

For the reasons indicated the judgment is reversed and cause remanded with directions to the circuit court to set aside the judgment appealed from, overrule the demurrer to the petition and quiet appellants' title to a remainder interest in the real estate in controversy.